Ronald Cameron, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs January 8, 1985, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Ferris B. Webby,* Assistant Public Defender, for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, *Jay C. Waldman,* General Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE PALLADINO, July 31, 1985:

Ronald Cameron (Petitioner) appeals from a decision of the Pennsylvania Board of Probation and Parole (Board) which recommitted him to serve thirty-six (36) months backtime as a convicted parole violator (CPV). We affirm.

Petitioner was paroled from the State Correctional Institution at Graterford (SCIG) on January 12, 1981, after serving four years of a four to ten year sentence for robbery. On May 21, 1981, Petitioner was arrested on federal charges of bank robbery. Petitioner was convicted on September 20, 1981 on federal charges of aiding and abetting a bank robbery and conspiracy to rob a bank, and on October 6, 1981 was sentenced to serve three years at the Federal Correctional Institute at Otisville, New York (Otisville). Petitioner was charged as a CPV by the Board, which issued a detainer, and on September 21, 1981 he waived

a full Board revocation hearing. Because Petitioner was in federal custody, no action was taken by the Board on the CPV charge at this time.[1]

Petitioner was paroled from Otisville on July 29, 1983 and was returned to SCIG. On September 1, 1983 Petitioner requested a full Board hearing on the CPV charge, which was held on October 26, 1983. Following this hearing the Board issued an order on November 4, 1983 recommitting Petitioner as a CPV for thirty-six (36) months, with a new parole date of January 26, 1987 and a new maximum date of July 29, 1989. The Board modified the language of this order on May 1, 1984, but did not alter the period of recommitment. This appeal followed.

Petitioner has presented three questions for our consideration:

1) Whether the Board's hearing on the CPV matter was untimely because it was held more than 120 days after Petitioner's waiver of a full Board hearing;

2) Whether the imposition of 36 months backtime was an improper enhancement of his original sentence;

3) Whether the Board relied upon erroneous information, i.e., an incorrect conviction report, in computing Petitioner's backtime.

Our scope of review of a recommitment order of the Board is to determine if the order is in accordance with the law, whether necessary factual findings are supported by substantial evidence and whether Petitioner's constitutional rights were violated. 2 Pa. C. S. §704; *Chapman v. Pennsylvania Board of Proba-*

---

[1] *See* 37 Pa. Code §71.5(c) which states: If the parolee is in custody in another state, or in Federal custody, the Board may lodge its detainer but all other matters shall be deferred until the parolee has been returned to a state correctional facility in this Commonwealth.

*tion and Parole,* 86 Pa. Commonwealth Ct. 49, 484 A.2d 413 (1984).

The timeliness argument presented by Petitioner is based upon 37 Pa. Code §71.4, which states in pertinent part:

> The following procedures shall apply in those cases in which the only violation charged is the conviction for a new criminal offense:
>
> . . .
>
> (2) The hearing shall be held within 120 days from the date the Board received official verification of the plea of guilty or *nolo contendere* of the guilty verdict at the highest trial court level except as follows:
>
> (i) If the parolee is confined outside the jurisdiction of the Pennsylvania Bureau of Correction, such as confinement out-of-state, confinement in a Federal correctional institution, or confinement in a county correctional institution where the parolee has not waived the full Board Revocation Hearing required by Commonwealth of Pennsylvania ex rel. Rambeau v. Rundle, 455 Pa. 8, 314 A.2d 842 (1973), in which case the final Revocation Hearing shall be held within 120 days of the official verification of the Board of the return of the parolee to a State correctional facility. The parolee, who is confined in a county correctional institution and who waived the final Revocation Hearing by a quorum of the Board as required in the Rambeau decision shall be deemed to be within the jurisdiction of the Pennsylvania Bureau of Correction beginning with the date of his waiver of such Board hearing.

Petitioner argues that when he waived the full Board revocation hearing on September 21, 1981, he

was deemed to be within the jurisdiction of the Pennsylvania Bureau of Corrections, and the 120 day period started to run. Petitioner's reliance on §71.4 (2)(i) is misplaced. Only parolees confined in a *county* prison who have waived the full Board hearing are deemed to be within the Bureau's jurisdiction. Parolees who waive a full Board hearing but are confined in another state or in a federal correctional facility are *not* within the Bureau's jurisdiction. Therefore, Petitioner's waiver did not place him within the Bureau's control or start the 120 day period. This period did not commence until Petitioner was paroled from Otisville and returned to SCIG on July 29, 1983. The October 26, 1983 hearing was well within the 120 days required by the regulations, and therefore was timely held.

Petitioner's second argument, that the imposition of backtime constitutes an enhancement of his original sentence, is likewise without merit. The thrust of Petitioner's contention is that backtime imposed after he has served three years in another correctional facility extends the time he must serve in prison on the original conviction beyond his original maximum date. Petitioner wants credit for the time he served in Otisville against the backtime imposed by the Board. We have no authority for such an action, and in fact we may not treat the new federal sentence as running concurrently with the recommitment for the old state sentence. *See* Section 21.1 of the Act of August 6, 1941, P.L. 861, *as amended,* added by Section 5 of the Act of August 24, 1951, P.L. 1401, 61 P.S. §331.21a; *Commonwealth v. Dorian,* 503 Pa. 116, 468 A.2d 1091 (1983).

Accordingly, the Board's action in recommitting Petitioner without credit for his federal time was wholly correct.

Turning to Petitioner's third argument, that the Board relied on erroneous conviction information in computing his backtime, we must again disagree.

The initial order of the Board relied upon Petitioner's federal convictions for bank robbery and conspiracy to rob a bank in imposing the 36 months backtime. As noted above, however, the Board modified its order to reflect the proper conviction information, i.e., conviction for aiding and abetting the bank robbery and conspiracy, instead of bank robbery. This modification resulted from Petitioner's letter of appeal to the Board. The presumptive recommitment range for conviction for the offense of conspiracy relates to the range for the offense to which the parolee conspired, in this case, robbery. Robbery carries a presumptive range of 24 to 40 months, see 37 Pa. Code §75.2. Although the Board's regulations do not establish a presumptive recommitment range for a conviction of aiding and abetting a crime, the recommitment period is within the Board's discretion. As the total recommitment for both convictions was 36 months, well within the presumptive range for the conviction for conspiracy alone, we find no abuse of discretion.

Accordingly, finding no error of law, violation of constitutional rights or lack of substantial evidence to support the Board's decision, we affirm the order of the Board recommitting Petitioner for thirty-six months as a CPV.

ORDER

AND Now, July 31, 1985, the order of the Pennsylvania Board of Probation and Parole at Parole No. 4627M, dated November 4, 1983 as modified on May 2, 1984, is affirmed.

Judge WILLIAMS, JR. did not participate in the decision in this case.