Mario A. Passaro, Petitioner v. Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs August 6, 1985, to President Judge CRUMLISH, JR., Judge ROGERS, and Senior Judge KALISH, sitting as a panel of three.

*Lester G. Nauhaus*, Public Defender, with him, *John H. Corbett, Jr.*, Chief, Appellate Division and *Richard S. Levine*, Appellate Counsel, for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY SENIOR JUDGE KALISH, October 29, 1985:

Mario A. Passaro petitions for review of an order of the Pennsylvania Board of Probation and Parole (Board). That order declared Passaro delinquent for control purposes effective August 24, 1983.

On May 1, 1979, Passaro was convicted of aggravated assault[1] in the Court of Common Pleas of Centre County and sentenced to a term of imprisonment of one and one-half to six years. This sentence carried a maximum date of November 19, 1984. On June 29, 1980, Passaro was paroled to a detainer on criminal charges in Mercer County and was transferred to the Mercer County Prison in lieu of bail. On January 28, 1982, Passaro was sentenced to a term of imprisonment of five to ten years on the Mercer County criminal charges. Passaro was then transferred to SCI Pittsburgh to serve that sentence. The Board took no action against Passaro on this new criminal conviction and he was permitted to continue on constructive parole on the one and one-half to six year sentence imposed in Centre County while serving the five to ten year sentence at SCI Pittsburgh.

On October 18, 1982, Passaro escaped from SCI Pittsburgh. He was apprehended in Ohio on August 24, 1983.[2] Because the escape occurred during Passaro's constructive parole time, conviction for the escape would constitute a convicted parole violation. Section 21.1(a) of the Act of August 6, 1941 (Parole Act), P.L. 861, *as amended,* 61 P.S. §331.21a(a).

---

[1] 18 Pa. C.S. §2702.

[2] Ten months and six days escape time were added to the minimum and maximum dates of the five to ten year sentence, making his new minimum date December 25, 1984, and his new maximum date December 25, 1989.

The Board has filed a motion to quash the appeal[3] as interlocutory. By prior order of this court, the motion was set down for disposition with the merits of the petition for review. The Board contends that its order declaring Passaro delinquent for control purposes is merely an administrative procedure which is not mandated by the Parole Act or Board regulations. The Board argues that it is not a final action because it only indicates that when the escape charge is disposed of, the Board will proceed further. We agree with the Board that by declaring Passaro delinquent for control purposes, it merely took an administrative procedure to earmark Passaro's case for close review upon disposition of the outstanding escape charge. Passaro is in no way prejudiced by the Board's action. If he is convicted of escape and the Board takes some action against him, he would still be able to raise all pertinent issues at that time. *See Carr v. Pennsylvania Board of Probation and Parole,* Pa. Commonwealth Ct. , 494 A.2d 1174 (1985). We hold, therefore, that a Board order declaring a parolee delinquent for control purposes is not a final order but merely an administrative procedure. Such an order does not end the litigation, dispose of the entire case, or effectively put the litigants out of court. *Municipality of Bethel Park Appeal,* 51 Pa. Commonwealth Ct. 128, 414 A.2d 401 (1980).

Accordingly, we will grant the Board's motion to quash.

---

[3] On the merits of this appeal, the issue raised is whether the Board is required to provide a parolee with a detention hearing within fifteen days of his arrest, or a revocation hearing within 120 days of the date the Board is notified of the escape charge, where the Board has not yet lodged its detainer and has not filed parole violation charges against the parolee.

## ORDER

The motion of the respondent, Pennsylvania Board of Probation and Parole, to quash the appeal in No. 207 C.D. 1985 as interlocutory, is granted.