### 530 A.2d 1031

Michael Jezick, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs June 12, 1987, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

 

*Ellen M. Kraft,* for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY JUDGE PALLADINO, September 9, 1987:

This is an appeal by Michael Jezick (Petitioner) from an order of the Board of Probation and Parole (Board) denying his request for administrative relief. We affirm.

Petitioner was paroled on July 15, 1983 from Lehigh County Prison after serving approximately five months of a one to three year sentence for receiving stolen property.[1] Petitioner was arrested on February 5, 1985 (exactly one week before his maximum sentence would have expired) on charges of robbery,[2] criminal attempt —homicide,[3] and other related offenses.[4] He was held in lieu of bail in Northampton County Jail.

A preliminary hearing on the new charges was held on February 15, 1985 at which time a magistrate found that a prima facie case had been established against Petitioner. After the Petitioner's maximum sentence expired, the Board lifted its detainer that was placed on the parolee on February 6, 1985 and declared him de-

---

[1] Section 3925 of the Crimes Code, 18 Pa. C. S. §3925

[2] 18 Pa. C. S. §3701

[3] 18 Pa. C. S. §905

[4] Petitioner was also charged with the following crimes:
Aggravated Assault, 18 Pa. C. S. §2702
Kidnapping, 18 Pa. C. S. §2901
Unlawful Restraint, 18 Pa. C. S. §2902
Theft, 18 Pa. C. S. §3921
Criminal Conspiracy, 18 Pa. C. S. §903

linquent for control purposes. On March 10, 1986, Petitioner was convicted of the new charges and on March 21, 1986, he received notice that a parole revocation hearing would be held. On May 2, 1986, after the hearing, Petitioner was recommitted, when available, to Lehigh County Prison, as a convicted parole violator to serve the unexpired term of his first sentence.

His petition for administrative relief was denied and Petitioner appeals to this court[5] contending that his constitutional rights were violated because 1) he was "detained, . . . declared delinquent, and . . . continued in delinquent status for a period exceeding fourteen months without notice or [sic] hearing," 2) he was "incarcerated as a result of a parole violation for a period which reflects not only the time remaining on the parolee's sentence but also the time already served by the parolee while on the street under supervision of the Parole Board," and 3) he was "require[d] . . . to serve any time owed as a result of a parole violation at the expiration of any sentence currently being served, thus effectively precluding said parolee from participation in programs (*e.g.* work release) otherwise permissible under his current sentence." Brief for Petitioner at p. 3.

Petitioner's first contention is without merit. Initially, he admits that he actually received notice of the Board's detainer. Brief for Petitioner at p. 7. Additionally, the issuance of this detainer did not violate Petitioner's constitutional rights. When a parolee has been arrested for a new offense, he may be "detained on a

---

[5] Our scope of review of an order of the Board is to determine whether the order is in accordance with the law, whether necessary factual findings are supported by substantial evidence and whether petitioner's constitutional rights were violated. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704; *Cameron v. Pennsylvania Board of Probation and Parole,* 90 Pa. Commonwealth Ct. 580, 496 A.2d 419 (1985).

Board warrant pending disposition of criminal charges . . . [if a] committing magistrate has conducted a preliminary hearing and concluded that there is a prima facie case against the parolee." 37 Pa. Code §71.3(1)(i). In the case at bar, Petitioner "may be detained, without further hearing, pending disposition of the criminal charges." 37 Pa. Code §71.3(2) Petitioner had a preliminary hearing on the new charges on February 15, 1985, at which a prima facie case was established against him. Thus, the constitutional rights of Petitioner were not violated by the issuance of the detainer. Petitioner also contends that his rights were violated when the Board declared him delinquent for control purposes. Since Petitioner was already incarcerated, he was in no way prejudiced by this administrative procedure which simply marked his case to be reviewed after disposal of the new charges. *Passaro v. Pa. Board of Probation and Parole,* 92 Pa. Commonwealth Ct. 442, 499 A.2d 725 (1985).

Petitioner's second contention is equally meritless. He was incarcerated because of his inability to post bail on the new charges, not as a result of any action by the Board. After he was convicted on the new charges, he had a parole revocation hearing within the 120 day statutory period. 37 Pa. Code §71.4(2). As for Petitioner's assertion that he should receive credit for time spent at liberty on parole, the law is clear that a convicted parole violator "shall be given no credit for the time at liberty on parole." 61 P.S. §331.21a(a). This statute was held to be constitutional in *Knisley v. Pa. Board of Probation and Parole,* 26 Pa. Commonwealth Ct. 185, 362 A.2d 1146 (1976). Because of the mandatory language of this statute, neither the Board nor this court has the power to make special allowances for individual parolees.

Finally, Petitioner asserts that he should be allowed to serve the unexpired term of his original sentence before he begins to serve his sentence on the new charges. We disagree. In a case such as this, where the new sentence imposed is to be served in a different county penal institution than the one from which he was paroled, "the service of the new term for the latter crime shall precede commencement of the balance of the term originally imposed." 61 P.S. §331.21a(a)(2). Since Petitioner failed to satisfy bail requirements on the new criminal charges, the time he spent in custody must be credited to his new sentence. *Hines v. Pa. Board of Probation and Parole,* 491 Pa. 142, 420 A.2d 381 (1980). Thus, Petitioner must serve the balance of his original sentence after he serves his sentence on the new charges. The order of the Board is affirmed.

### ORDER

AND NOW, September 9, 1987, the order of the Pennsylvania Board of Probation and Parole in the above-captioned matter is affirmed.