IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Brian Holley,                          :
                    Petitioner         :
                                       :
        v.                             :     No. 1860 C.D. 2015
                                       :     Submitted: April 22, 2016
Pennsylvania Board of Probation        :
and Parole,                            :
                    Respondent         :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
          HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                          FILED: June 8, 2016

        Brian Holley petitions for review of an adjudication of the
Pennsylvania Board of Probation and Parole (Parole Board) denying his request for
administrative review of the Parole Board's decision recommitting him as a
convicted parole violator to serve 18 months backtime.  Holley argues that the
Parole Board erred in calculating his maximum sentence date by not giving him
credit for his time spent at liberty on parole.  For the reasons that follow, we affirm
the Parole Board's order.

        On January 11, 2010, Holley was sentenced to serve two years and six
months to five years of confinement.  Holley's earliest release date was September
1, 2012, and his maximum release date was March 1, 2015.

        On January 28, 2013, Holley received the conditions governing his
parole, which stated, in part, that "[i]f you are convicted of a crime committed
while on parole/reparole, the Board has the authority, after an appropriate hearing,
to recommit you to serve the balance of the sentence or sentences which you were

serving when paroled/reparoled, with no credit for time at liberty on parole." Certified Record at 15 (C.R. __). Holley agreed to the conditions of parole and was released on parole.

On November 22, 2013, Holley was arrested on new drug and firearms charges and confined in the Delaware County Prison. On that same day, the Parole Board was notified of Holley's arrest and pending criminal charges; accordingly, it issued a warrant to commit and detain Holley.

On December 2, 2013, the Parole Board provided Holley with a notice of charges and detention hearing; he waived his right to the hearing. By decision of February 12, 2014, the Parole Board determined to detain Holley pending disposition of criminal charges.

In the meantime, Holley remained incarcerated in Delaware County Prison on the new criminal charges because he did not post bail. On February 13, 2015, Holley pled guilty to possession with intent to deliver a controlled substance. On March 16, 2015, the Parole Board issued a decision declaring Holley delinquent effective November 22, 2013.[1] On April 1, 2015, it issued a warrant to commit and detain Holley. Thereafter, on May 12, 2015, the Delaware County

---

[1] The Parole Board's action of declaring an individual delinquent for control purposes is an administrative procedure performed to earmark the individual's case for close review upon disposition of the outstanding criminal charges. *See Passaro v. Pennsylvania Board of Probation and Parole*, 499 A.2d 725, 726 (Pa. Cmwlth. 1985). The Parole Board does this because it "retains jurisdiction to recommit an individual as a parole violator after the expiration of the maximum term, so long as the crimes that lead to the conviction occurred while the individual is on parole." *Miskovitch v. Pennsylvania Board of Probation and Parole*, 77 A.3d 66, 73 (Pa. Cmwlth. 2013). *See also* 37 Pa. Code §63.3.

Court of Common Pleas sentenced Holley to a term of imprisonment of 30 to 96 months.[2]

On May 28, 2015, Holley waived his right to a parole revocation hearing and acknowledged his drug conviction in Delaware County while he was on parole. On July 16, 2015, the Parole Board recommitted Holley to a state correctional institution as a convicted parole violator to serve 18 months backtime. The Parole Board calculated Holley's parole violation maximum date to be August 3, 2017. Holley petitioned for administrative review, asserting that the Parole Board erred in its recalculation of his maximum sentence date. Specifically, Holley argued that the Board should have credited him for the time he was on parole because he was not a violent offender. The Parole Board denied Holley's petition on August 26, 2015. Holley now petitions this Court for review.

On appeal,[3] Holley raises four issues: (1) whether the Parole Board erred in concluding that he automatically forfeited credit for his time spent at liberty on parole because of his new conviction; (2) whether the Parole Board erred in calculating his parole violation maximum date; (3) whether the Parole Board erred in determining the order of his sentences to be served; and (4) whether the Parole Board unconstitutionally modified his judicially-imposed maximum sentence. The Parole Board responds that it has the statutory authority to deny

---

[2] Holley was given credit on his new sentence for the time he was incarcerated in Delaware County Prison from November 22, 2013, to May 12, 2015. C.R. 46.

[3] This Court's review is to determine whether the Parole Board's adjudication is supported by substantial evidence, whether an error of law has been committed, or whether constitutional rights have been violated. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; *Moroz v. Pennsylvania Board of Probation and Parole,* 660 A.2d 131, 132 (Pa. Cmwlth. 1995).

convicted parole violators credit for the period they were at liberty on parole and, thus, its adjudication should be affirmed.

We address, first, the issue of credit for time spent on parole, also referred to as "street time." Section 6138(a) of the Prisons and Parole Code, 61 Pa. C.S. §6138(a), governs the Parole Board's authority to recommit parolees who have committed new criminal offenses while on parole. Section 6138(a)(1) provides:

> A parolee under the jurisdiction of the board released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, may at the discretion of the board be recommitted as a parole violator.

61 Pa. C.S. §6138(a)(1). When the Parole Board recommits a parolee as a convicted parole violator,

> the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, *except as provided under paragraph (2.1)*, shall be given no credit for the time at liberty on parole.

61 Pa. C.S. §6138(a)(2) (emphasis added). Section 6138(a)(2.1) of the Prisons and Parole Code states that "[t]he [Parole] [B]oard may, in its discretion, award credit to a parolee recommitted … for the time spent at liberty on parole," with three

4

enumerated exceptions, none of which are applicable in this case.[4]  61 Pa. C.S. §6138(a)(2.1).

Holley does not challenge the Parole Board's decision to recommit him as a convicted parole violator for his new drug conviction.  Under the Prisons and Parole Code, recommitment as a convicted parole violator means that credit for street time, if any, is committed to the discretion of the Parole Board.  61 Pa. C.S. §§6138(a)(2), 6138(a)(2.1).  Here, the Parole Board exercised its discretion and affirmatively chose to deny Holley any credit for time spent at liberty.  C.R. 72, 77.  Pennsylvania law presumes that the Board acted lawfully and exercised its discretion in good faith.  *See generally Robinson v. City of Philadelphia*, 161 A.2d 1, 5 (Pa. 1960) ("Public officials are presumed to have acted lawfully and in good faith until facts showing the contrary are averred, or in a proper case are averred and proved.").

Holley contends that the Parole Board's failure to state its reasons for not awarding him credit for his street time is analogous to an "automatic forfeiture" of credit; thus, Holley asks this Court to remand his case to the Parole Board to explain why it did not award him credit.[5]  The Parole Board responds that it

---

[4] "The board may, in its discretion, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole, unless any of the following apply: (i) The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in 42 Pa. C.S. §9714(g) (relating to sentences for second and subsequent offenses) or a crime requiring registration under 42 Pa. C.S. Ch. 97 Subch. H (relating to registration of sexual offenders); (ii) The parolee was recommitted under section 6143 (relating to early parole of inmates subject to Federal removal order)."  61 Pa. C.S. §6138(a)(2.1).

[5] In the alternative, Holley urges this Court to adopt a rule that where a parolee has more time remaining on his sentence than the maximum presumptive range for recommitment for a new crime, then the parolee should not forfeit his street time.  There is no statutory authority for such a "rule" and, in any event, it would be contrary to the express provisions of 61 Pa. C.S. §6138(a)(2).

5

properly exercised its discretion in denying Holley credit for his street time and, in support, it directs this Court to its recent *en banc* decision in *Pittman v. Pennsylvania Board of Probation and Parole*, 131 A.3d 604 (Pa. Cmwlth. 2016), *appeal granted,* __ A.3d __ (Pa., No. 90 MAL 2016, filed May 23, 2016).

In *Pittman*, Pittman was convicted of a new crime while he was on parole. The Board's recommitment hearing report contained the following line: "BOARD ONLY – Credit time spent at liberty on parole: [ ] No [ ] Yes (excluded offense on pg. 8)." *Id.* at 606. The Board checked "No." *Id.* On appeal, Pittman argued that the Board erred by failing to state its reasons for denying him credit. This Court rejected this claim, explaining that "there is no express requirement that the [Parole] Board issue a statement of reasons for denying credit to a [convicted parole violator] for time spent at liberty on parole" and, thus, the Board "was not legally required to provide Pittman with a statement of reasons for denying him credit for time spent at liberty on parole." *Id.* at 612 and 616.

*Pittman* is controlling here. In Holley's recommitment hearing report, the Parole Board noted that it was not awarding him credit for his time at liberty on parole by checking the box for "No." C.R. 72. Under *Pittman* this is sufficient. Additionally, on page 8 of the hearing report in the box labeled "Additional Information," the Board made a handwritten notation, "Rec <u>NO</u> credit for street time." C.R. 77. This notation confirms that the Parole Board considered whether to give Holley credit and exercised its discretion not to do so, albeit for reasons unknown. Holley's first contention must be rejected.

Holley next argues that the Parole Board erred in recalculating his maximum sentence date. At the outset, we note that the Parole Board has "the power to recommit a convicted parole violator to serve the balance of the court-

6

imposed maximum sentence if the new crime was committed by the parolee before the expiration of the maximum sentence originally imposed." *Knisley v. Pennsylvania Board of Probation and Parole*, 362 A.2d 1146, 1148 (Pa. Cmwlth. 1976). Further, "the constitutional challenges to this procedure [have been] rejected by this Court…." *Id.* Because Holley was recommitted as a convicted parole violator before his original sentence expired, the Parole Board's recalculation of his original sentence was appropriate.

Further, when computing the time to be served on a convicted parole violator's original sentence, the parolee's street time is added to the original maximum sentence expiration date to create a new maximum sentence date. *Armbruster v. Pennsylvania Board of Probation and Parole,* 919 A.2d 348, 351 (Pa. Cmwlth. 2007). When Holley was paroled on January 28, 2013, his maximum sentence date was March 1, 2015. C.R. 18. Therefore, Holley had 2 years, 1 month and 1 day, or 762 days, remaining on his sentence. C.R. 79. He was recommitted as a convicted parole violator on July 3, 2015, when the Parole Board obtained the necessary signatures. C.R. 77, 79. Adding 762 days to July 3, 2015, results in a parole violation maximum date of August 3, 2017. C.R. 79. Thus, the Board did not err in calculating Holley's maximum sentence date to be August 3, 2017.

In his third issue, Holley argues that the Parole Board erred in determining the order of his sentences to be served. Specifically, Holley contends that the Parole Board wrongly credited the time he was incarcerated – November 22, 2013, to July 3, 2015 – to his new sentence and not to his original sentence as required by 61 Pa. C.S. §6138(a)(5). The Parole Board counters that any pre-

7

sentence period of incarceration on new criminal charges and a board detainer must apply to the new sentence.

The seminal case on allocating credit for time served awaiting disposition of new criminal charges is *Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568 (Pa. 1980). "In *Gaito*, the Supreme Court held that 'time spent in custody pursuant to a detainer warrant shall be credited to a convicted parole violator's original term … only when the parolee was eligible for and had satisfied bail requirements for the new offense and thus remained incarcerated only by reason of the detainer warrant lodged against him.'" *Bowman v. Pennsylvania Board of Probation and Parole*, 930 A.2d 599, 601 (Pa. Cmwlth. 2007) (citing *Gaito*, 412 A.2d at 571). In the cases following *Gaito*, "this Court held that once a parolee is sentenced on a new criminal offense, the period of time between arrest and sentencing, *when bail is not posted*, must be applied toward the new sentence and not to the original sentence." *Id.* (emphasis added).

Here, although the Parole Board did file a detainer warrant against Holley, his detention in Delaware County on the new criminal charges was the result of his failure to post bail. Subsequently, Holley was convicted and sentenced. Because the Parole Board's detainer was not the sole reason for Holley's incarceration from November 22, 2013, through May 15, 2015, that time could only be credited to his new sentence. The Delaware County trial court's sentencing order did just that by awarding Holley credit on his new sentence for the time he was incarcerated from November 22, 2013, to May 15, 2015.[6] C.R. 46.

---

[6] Holley seeks additional credit on his original sentence for the time he was incarcerated from May 15, 2015, the date of his sentencing on the new criminal conviction, until July 3, 2015, the date the Parole Board recommitted him as a convicted parole violator. This Court has held that the time served by a parolee prior to the date parole is revoked must be applied to the new **(Footnote continued on the next page . . .)**

8

Next, regarding the order of sentences to be served, Section 6138(a)(5) of the Prisons and Parole Code provides:

> (5) If a new sentence is imposed on the parolee, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases:
>
> > (i) If a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution.
> >
> > (ii) If a person is paroled from a county prison and the new sentence imposed upon him is to be served in the same county prison.
> >
> > (iii) In all other cases, the service of the new term for the latter crime shall precede commencement of the balance of the term originally imposed.

61 Pa. C.S. §6138(a)(5). Holley was paroled from a state correctional institution, and his new sentence was to be served in a state correctional institution. Because the Parole Board revoked Holley's parole, he owed the remainder of his original sentence and under Section 6138(a)(5)(i) was required to serve the balance of that sentence first. *See Richmond v. Commonwealth of Pennsylvania*, 402 A.2d 1134, 1135 (Pa. Cmwlth. 1979) ("Although petitioner is correct in noting that Section

---

**(continued . . .)**
sentence. *Wilson v. Pennsylvania Board of Probation and Parole*, 124 A.3d 767, 770 (Pa. Cmwlth. 2015). Thus, the Parole Board was correct in not applying credit to Holley's original sentence for the period of incarceration between May 15, 2015, and July 3, 2015.

21.1(a) of the Act of August 6, 1941,[7] requires a convicted parole violator to serve the balance of his original sentence before service of the newly imposed term is commenced, this rule only becomes operative when parole has been revoked and the remainder of the original sentence becomes due and owing."). Thus, the Parole Board did not err in requiring Holley to serve his original sentence first.

Finally, Holley argues that the Parole Board's decision denying his request for administrative relief violated the collateral estoppel doctrine, the double jeopardy clause, the cruel and unusual punishment clause, and the due process and equal protection clauses. Holley premises these constitutional claims on the theory that the Parole Board's decision impermissibly altered a judicially-imposed sentence. Holley's claims are devoid of merit. It is well-established that double jeopardy does not apply to parole revocation proceedings. *McClure v. Pennsylvania Board of Probation and Parole*, 461 A.2d 645, 647 (Pa. Cmwlth. 1983). Further, our Supreme Court has held that the Parole Board's authority to recalculate the sentence of a convicted parole violator "is not an encroachment upon the judicial sentencing power." *Young v. Commonwealth of Pennsylvania Board of Probation and Parole*, 409 A.2d 843, 848 (Pa. 1979). Likewise, the

---

[7] Section 21.1 is part of what was commonly known as the Parole Act, Act of August 6, 1941, P.L. 861, *as amended*, 61 P.S. §§331.1-331.34a, and it was the predecessor to Section 6138 of the Prisons and Parole Code. Section 21.1(a) of the Parole Act similarly stated:

> … If a new sentence is imposed upon him to be served in the same institution from which he was paroled, then the service of the balance of said term originally imposed shall precede the commenced of the new term imposed for the latter crime. If a new sentence imposed upon him to be served in any institution other than the one from which paroled, then the service of the new term for the latter crime shall precede the commencement of the balance of the term originally imposed ….

61 P.S. §331.21(a) (repealed).

statutory provision denying credit for time spent on parole does not violate due process and does not amount to cruel and usual punishment.  *Id.* at 847 & n. 8.

      For these reasons, we affirm the Parole Board's adjudication.


                          _____
                          MARY HANNAH LEAVITT, President Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Brian Holley,                          :
               Petitioner          :
                                  :
           v.                       :   No. 1860 C.D. 2015
                                  :
Pennsylvania Board of Probation        :
and Parole,                            :
               Respondent          :

# **O R D E R**

AND NOW, this 8th day of June, 2016, the order of the Pennsylvania Board of Probation and Parole dated August 26, 2015, in the above-captioned matter is hereby AFFIRMED.

                          _____

                          MARY HANNAH LEAVITT, President Judge