IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richard Steward, Jr.,            :
          Petitioner     :
                       :
          v.               :  No. 684 C.D. 2017
                       :  Submitted: December 1, 2017
Pennsylvania Board of       :
Probation and Parole,        :
          Respondent    :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
             HONORABLE MICHAEL H. WOJCIK, Judge
             HONORABLE J. WESLEY OLER, JR., Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT            FILED: March 16, 2018

       Richard Steward petitions for review of an adjudication of the Pennsylvania Board of Probation and Parole (Board) denying his administrative appeal. Steward's appointed counsel, Huntingdon County Assistant Public Defender Nicholas E. Newfield (Counsel), has filed an application for leave to withdraw as counsel. For the reasons that follow, we grant Counsel's request to withdraw and affirm the Board's decision.

       On August 22, 2012, Steward was released on parole from the State Correctional Institution (SCI) at Cresson to the State of Maryland to live with his sister in Baltimore.[1] At the time of his parole, his maximum sentence date was March 27, 2015.

---

[1] The Board transferred the supervision of Steward's parole to Maryland authorities under the Interstate Compact for the Supervision of Adult Offenders Act, 61 Pa. C.S. §§7111-7115. The Interstate Compact is an agreement entered into by the states to govern the movement, supervision and rehabilitation of parolees and probationers. 61 Pa. C.S. §7112.

In January 2015, while he was on parole, Steward was arrested by Baltimore City Police for armed robbery and assault with a deadly weapon. Certified Record at 119-120 (C.R. __). He was held without bail. Thereafter, on January 12, 2015, the Board issued a warrant to commit and detain Steward pending disposition of the new criminal charges. When Steward reached his maximum sentence date of March 27, 2015, the Board lifted its warrant and declared Steward delinquent for control purposes.[2] C.R. 94. Steward remained incarcerated in Maryland on the new criminal charges.

On July 13, 2015, Steward was convicted in the Baltimore City Circuit Court of conspiracy to commit armed robbery and sentenced to three years of incarceration. Upon verifying the conviction, on January 5, 2016, the Board lodged a detainer against Steward for a parole violation.

On November 22, 2016, Steward was released from Maryland's Department of Corrections and transported to SCI-Huntingdon. Steward requested a parole revocation hearing before a panel, which was conducted on February 7, 2017.

At the hearing, Counsel raised the issue of the timeliness of Steward's revocation hearing, contending that the Board received verification of Steward's criminal conviction on September 28, 2015, and that Steward had been available to the Board since July 2015. Parole Supervisor Linda Girard responded that Steward

---

[2] An order declaring a parolee delinquent for control purposes is an administrative procedure, "which simply mark[s a parolee's] case to be reviewed after disposal of the new charges." *Jezick v. Pennsylvania Board of Probation and Parole*, 530 A.2d 1031, 1033 (Pa. Cmwlth. 1987); *see also Passaro v. Pennsylvania Board of Probation and Parole*, 499 A.2d 725, 726 (Pa. Cmwlth. 1985). "[T]he Board retains jurisdiction to recommit an individual as a parole violator after the expiration of the maximum term, so long as the crimes that le[d] to the conviction occurred while the individual [wa]s on parole." *Miskovitch v. Pennsylvania Board of Probation and Parole*, 77 A.3d 66, 73 (Pa. Cmwlth. 2013), *appeal denied*, 87 A.3d 322 (Pa. 2014) (table).

was not available to the Board until he was released by Maryland's Department of Corrections, which occurred on November 22, 2016.

On February 27, 2017, the Board recommitted Steward as a convicted parole violator to serve his unexpired term of two years, seven months and five days. C.R. 186. The Board recalculated Steward's maximum sentence date from March 27, 2015, to June 27, 2019. *Id.*

On March 15, 2017, Steward, *pro se*, filed a petition for administrative review, wherein he argued that his revocation hearing was untimely. Steward wrote:

> On January 6, 2016, [a] Pennsylvania Parole Board detainer was lodged on the petitioner[.] It is clear by the lodging of the said detainer that even though the petitioner was sentenced back in July of 2015, the Pennsylvania Board of Probation and Parole was at the very least aware of the conviction and thus had official verification as of January 6, 2016. It is reason for the 120-day period under 37 Pa. Code §71.4 to begin to run on the date that the Pennsylvania Board of Probation and Parole receive official verification of a parolee's conviction[.]

C.R. 197. On March 22, 2017, Counsel filed a petition for administrative review, wherein he stated that "[t]he Board failed to conduct a timely revocation hearing…." C.R. 192.

By decision mailed April 6, 2017, the Board denied Steward's appeals. The Board explained:

> The Board recommitted [you] as a convicted parole violator for the new convictions in the Baltimore City Circuit Court (Maryland) at indictment number 115040011. While on parole, [you] were arrested and detained by Maryland authorities on new criminal charges. [You were] kept in Maryland's custody prior to and during the entire trial process. [You] pled guilty to the new criminal charges on July 13, 2015, and received a new prison sentence to be served with the Maryland Department of

3

Corrections. [You] subsequently remained in Maryland's custody until [you were] paroled from the new criminal charges on November 22, 2016 to the Board['s] detainer. [You were] returned to a state correctional institution ("SCI") on November 22, 2016.

The above facts reflect that [you were] confined outside the jurisdiction of the Pennsylvania Department of Corrections at the time of [your] conviction because [you] were in custody in Maryland. As such, the Board was required to hold the revocation hearing within 120 days of the date they [sic] received official verification of [your] return to an SCI. 37 Pa. Code §71.4(1)(i). In this case, [you were] returned to an SCI on November 22, 2016[,] and the Board conducted the panel revocation hearing 77 days later on February 7, 2017, which is less than the 120 days allowed by the regulation. Thus, the Board conducted a timely revocation hearing in this case.

The Board's regulations provide that the scope of review of an administrative appeal is limited to whether the decision is supported by substantial evidence, an error of law has been committed or there has been a violation of constitutional law. 37 Pa. Code §73.1(a)(2). The record in this matter establishes that the Board decision mailed February 29, 2017 (recorded 02/27/2017) is supported by substantial evidence, does not constitute an error of law, and does not violate your constitutional rights.

Board Adjudication, 4/6/2017, at 1; C.R. 202. Steward then petitioned for this Court's review.[3]

---

[3] This Court's review determines whether the Parole Board's adjudication is supported by substantial evidence, whether an error of law has been committed, or whether constitutional rights have been violated. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; *Moroz v. Pennsylvania Board of Probation and Parole,* 660 A.2d 131, 132 (Pa. Cmwlth. 1995).

In his petition for review, Steward states that "[t]he Board failed to conduct a timely revocation hearing[.]"[4] Petition for Review at 2. Steward contends that he "became available to the Board upon his conviction in Maryland State Court." Steward's Brief at 8. Essentially, Steward contends that the 120-day deadline for holding his revocation should have begun on the date of his conviction or, alternatively, the date the Board received official verification of his conviction. It should not have begun on the date of his return to the Board's custody. Counsel has filed an application for leave to withdraw and a "no-merit" letter explaining why there is no legal basis for Steward's appeal.

In *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), our Supreme Court set forth the technical requirements appointed counsel must meet in order to withdraw from representation. Pursuant to *Turner*, once appointed counsel has reviewed the case and determined that the petitioner's claims are meritless,

> counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw;

---

[4] Additionally, in his petition for review, Steward states that "[t]he Board failed to properly credit time served by [Steward] due solely to the Board's detainer, and does not accurately reflect the periods of time during which [Steward] was incarcerated under the Board's jurisdiction." Petition for Review at 2. Steward has not addressed these arguments in his brief. Rule 2119(a) of the Pennsylvania Rules of Appellate Procedure, PA. R.A.P. 2119(a), requires that the argument portion of a brief be developed with pertinent discussion of the issues, including citations to relevant authority. When parties fail to satisfy this requirement, a court cannot develop the argument for them. *See Skytop Meadow Community Association, Inc. v. Paige*, 177 A.3d 377, 384 (Pa. Cmwlth. 2017). Because Steward did not address the time credit issue in the argument portion of his brief, this Court cannot conduct meaningful appellate review; thus, this issue is waived.

and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

*Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009). If the requirements of *Turner* are met, this Court must then consider the merits of the petitioner's claim. *Id.*

Here, Counsel has filed a no-merit letter that reviews Steward's criminal record and explains the basis for Counsel's conclusion that Steward's appeal lacks merit. The record establishes that Counsel sent Steward a copy of this no-merit letter; a copy of his petition to withdraw; and a letter advising Steward of his right to obtain new counsel or proceed *pro se*. In short, Counsel has complied with the requirements of *Turner*. Therefore, we turn to the merits of Steward's petition.

Steward contends that the Board failed to conduct a timely revocation hearing. According to Steward, the date of his Maryland conviction and sentencing control the start of the 120-day period to hold a revocation hearing.

When a parolee challenges the timeliness of a revocation hearing, the Board has the burden of proving that the hearing was timely. *Taylor v. Pennsylvania Board of Probation and Parole*, 931 A.2d 114, 116 (Pa. Cmwlth. 2007). If the Board fails to meet its burden, "the appropriate remedy is dismissal of the parole violation charges with prejudice." *Id.*

Section 71.4(a)(1)(i) of the Board's regulations sets forth the procedures for holding a revocation hearing. It states, in relevant part, that:

> (1) A revocation hearing shall be held within 120 days from the date the Board received official verification of the plea of guilty or nolo contendere or of the guilty verdict at the highest trial court level *except as follows*:

6

(i)　If a parolee is confined outside the jurisdiction of the Department of Corrections, such as confinement out-of-State, confinement in a Federal correctional institution or confinement in a county correctional institution where the parolee has not waived the right to a revocation hearing by a panel in accordance with *Commonwealth ex rel. Rambeau v. Rundle*, [] 314 A.2d 842 ([Pa.] 1973), *the revocation hearing shall be held within 120 days of the official verification of the return of the parolee to a State correctional facility*.

37 Pa. Code §71.4(1)(i) (emphasis added). Additionally, Section 71.5(a) and (c)(1) of the Board's regulations provide:

(a)　If the parolee is in custody in another state, or in Federal custody, the Board may lodge its detainer but other matters may be deferred until the parolee has been returned to a State correctional facility in this Commonwealth.

\* \* \*

(c)　In determining the period for conducting hearings under this chapter, there shall be excluded from the period, a delay in any stage of the proceedings which is directly or indirectly attributable to one of the following:

(1)　The unavailability of a parolee or counsel.

37 Pa. Code §71.5(a), (c)(1). Accordingly, under the Board's regulations, where a parolee is in the custody of another state or otherwise unavailable, the Board's duty to hold a revocation hearing is deferred until the parolee is returned to Pennsylvania, regardless of when the Board received official verification of his new conviction.

*See Brown v. Pennsylvania Board of Probation and Parole,* (Pa. Cmwlth., No. 262 C.D. 2017, filed December 14, 2017), slip op. at 8 (unreported).[5]

Because Steward was incarcerated in Maryland, the 120-day period did not begin to run until the Board received official verification of his return to an SCI. 37 Pa. Code §71.5(a). It is undisputed that Steward returned to SCI-Huntingdon on November 22, 2016. Steward's revocation hearing had to be held within 120 days, *i.e.,* by March 22, 2017. The Board held Steward's revocation hearing on February 7, 2017, well within 120 days of his return to an SCI. Thus, Steward's revocation hearing was timely.

Steward contends that under Section 6138(a)(5.1) of the Prisons and Parole Code (Parole Code), 61 Pa. C.S. §6138(a)(5.1),[6] he must serve the remainder of his original sentence first. Thus, Steward argues, he became available to the Board on July 13, 2015, the date he was convicted in Maryland. Steward contends that the revocation hearing should have been held within 120 days of September 28, 2015, the date on which the Board received official verification of his conviction. In support of his contention, Steward relies upon this Court's decisions in *Baasit v. Pennsylvania Board of Probation and Parole*, 90 A.3d 74 (Pa. Cmwlth. 2014), and *Thomas v. Pennsylvania Board of Probation and Parole*, (Pa. Cmwlth., No. 279 C.D. 2015, filed March 7, 2016) (unreported).

---

[5] Pursuant to Commonwealth Court Internal Operating Procedure §414(a), 210 Pa. Code §69.414(a), an unreported opinion of this Court may be cited for its persuasive value and not as binding precedent.

[6] Added by the Act of October 27, 2010, P.L. 931. This section states:

> If the parolee is sentenced to serve a new term of total confinement by a Federal court or by a court of another jurisdiction because of a verdict or plea under paragraph (1), the parolee shall serve the balance of the original term before serving the new term.

61 Pa. C.S. §6138(a)(5.1).

In *Baasit*, the parolee was arrested on federal drug charges, and the Board lodged a detainer. As a result, the parolee was held on both the federal and Board detainers from the date of his arrest until sentencing. The federal court's sentencing order stated that he was to serve his original state sentence prior to serving his new federal sentence.

Following a revocation hearing, the Board recommitted the parolee as a convicted parole violator and recalculated his parole violation maximum sentence date, without giving him credit for any time he was incarcerated prior to his federal conviction because he was not incarcerated solely on the Board's detainer. On appeal, this Court explained why the parolee's pre-sentence confinement time should be applied to his original state sentence:

> Under [Section 6138(a)(5.1)] of the Parole Code and the terms of [the parolee's] new federal sentence, all of [the parolee's] original state sentence should be served before service of the new federal sentence commences.
>
> Our conclusion that credit here should be awarded according to new subsection 5.1 of the Parole Code is also supported by the primary jurisdiction doctrine…. Our conclusion is also consistent with the Supreme Court's more flexible approach to credit, as set forth in *Martin* [*v. Pennsylvania Board of Probation and Parole*, 840 A.2d 299 (Pa. 2003)].

*Baasit*, 90 A.3d at 82-83.

In *Thomas*, the parolee was also arrested on new federal charges. The Board lodged a detainer. As a result, the parolee was detained on both the federal charges and the Board's detainer. He was convicted, but, unlike the parolee in *Baasit*, first served his federal sentence before the backtime on his original sentence.

On appeal to this Court, the parolee argued that the Board failed to comply with Section 6138(a)(5.1) of the Parole Code, which required that he serve

his original state sentence before his federal sentence. We rejected this argument, explaining that Section 6138(a)(5.1) was not yet in effect at the time of the parolee's sentencing. The parolee's release from federal custody was the first date he was available to Pennsylvania authorities, which was the date used by the Board to calculate his maximum sentence date.

Steward's reliance on *Baasit* and *Thomas* is misplaced. Those cases relate to the allocation of pre-sentence credit and do not address the timeliness of the Board's revocation hearing.[7]

Recently, this Court considered an argument similar to Steward's in *Brown*, No. 262 C.D. 2017, and *Santosusso v. Pennsylvania Board of Probation and Parole*, (Pa. Cmwlth., No. 574 C.D. 2017, filed January 30, 2018) (unreported). In *Brown,* a parolee remained in federal custody from the time of his arrest until the conclusion of a federal sentence. He argued that under Section 6138(a)(5.1) of the Parole Code, the Board was required to conduct a revocation hearing within 120 days of the date of official verification of his federal sentence regardless of whether he remained in federal custody. This Court rejected that argument, explaining:

> Brown does not dispute that he was in federal custody before and after his federal sentencing and when the Board received official verification of his conviction. His argument presumes that the Board had the *ability to obtain him from federal custody* in order to hold a revocation hearing and recommit him as a [parole violator] to serve the remainder of his original sentence in accordance with Section 6138(a)(5.1). However, the Board asserts that it does not have the ability to acquire a Pennsylvania parolee from the custody of another jurisdiction in order to recommit the parolee to serve the remainder of the original

---

[7] Notably, in *Smith v. Pennsylvania Supreme Court*, 171 A.3d 759, 769 (Pa. 2017), the Pennsylvania Supreme Court expressed disapproval of *Baasit*, stating that "the *Baasit* court improperly interpreted Section 6138(a)(5.1)…."

sentence…. Thus, ... Brown was *already unavailable to the Board* when he pled guilty and was sentenced, as well as when it received official verification of his conviction. The Board could not have acquired Brown until after his release from federal custody.... Under these circumstances, we are not persuaded by Brown's argument that Section 71.4(1)(i) of the regulations is inapplicable based on Section 6138(a)(5.1) [of the Parole Code]....

*Brown*, slip op. at 11-12 (emphasis in original). Similarly, in *Santosusso*, this Court stated:

[W]e are unaware of any authority supporting Santosusso's implicit supposition that the Board has the power to pluck a Pennsylvania parolee from a federal prison for the purpose of recommitting him as a parole violator. We find the reasoning in *Brown* to be persuasive with respect to Santosusso's argument that the Board failed to hold a timely revocation hearing in this case.

*Santosusso*, slip op. at 6.

Steward has not cited any legal authority to support his proposition that the Board has the power to take custody of a parolee incarcerated in a Maryland state prison for the purpose of recommitting him as a convicted parole violator. We are not persuaded by his argument that Section 6138(a)(5.1) of the Parole Code made him available to the Board prior to his release from Maryland's Department of Corrections and return to SCI-Huntingdon on November 22, 2016.

For these reasons, we conclude that Counsel has fulfilled the requirements of *Turner* and our independent review of the record confirms that Steward's appeal lacks merit. Accordingly, we grant Counsel's application for leave to withdraw and affirm the Board's decision.

_____
MARY HANNAH LEAVITT, President Judge

11

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richard Steward, Jr., : 
        Petitioner : 
  : 
        v. : No. 684 C.D. 2017
  : 
Pennsylvania Board of : 
Probation and Parole, : 
        Respondent : 

# **O R D E R**

AND NOW, this 16th day of March, 2018, the order of the Pennsylvania Board of Probation and Parole, dated April 6, 2017, is AFFIRMED and the application for leave to withdraw as counsel filed by Nicholas E. Newfield, Esquire, is GRANTED.

_____
MARY HANNAH LEAVITT, President Judge