IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Marcell Lewis,      :
    Petitioner    :
           :
  v.        :
           :
Pennsylvania Parole Board,  :  No. 418 C.D. 2024
    Respondent  :  Submitted: March 4, 2025


BEFORE: HONORABLE ANNE E. COVEY, Judge
     HONORABLE LORI A. DUMAS, Judge
     HONORABLE MATTHEW S. WOLF, Judge


OPINION BY
JUDGE COVEY         FILED: March 31, 2025


    Marcell Lewis (Lewis) petitions this Court for review of the Pennsylvania Parole Board's (Board) April 2, 2024 decision denying his request for administrative relief and affirming the Board's decision recorded August 29, 2023 (mailed September 5, 2023) that recommitted him to a state correctional institution (SCI) as a convicted parole violator (CPV) to serve his unexpired term of 1 year, 1 month, and 27 days. Lewis presents one issue for this Court's review: whether the Board erred by concluding that his parole revocation hearing was timely held. After review, this Court affirms.

    Lewis is currently incarcerated at Quehanna Boot Camp.[1] On June 30, 2009, Lewis pleaded guilty to firearm and drug charges for which the Dauphin County Common Pleas Court sentenced him to an aggregate term of 5 to 10 years of incarceration (Original Sentence). *See* Certified Record (C.R.) at 1. At that time, Lewis's Original Sentence maximum release date was October 23, 2018. *See id.* On

---

[1] *See* https://inmatelocator.cor.pa.gov/#/Result (last visited Mar. 28, 2025).

July 25, 2013, the Board voted to parole Lewis on or after October 23, 2013. *See* C.R. at 4. The Board released Lewis on October 23, 2013. *See* C.R. at 7. On March 20, 2018, the Harrisburg Police Department arrested Lewis based on charges for Receiving Stolen Property, Possessing a Prohibited Firearm, Tampering with/Fabricating Physical Evidence, and Recklessly Endangering Another Person (New Charges). *See* C.R. at 14, 24. Also on March 20, 2018, the Board issued a Warrant to Commit and Detain Lewis (Warrant). *See* C.R. at 15. On October 23, 2018, the Board released the Warrant because Lewis reached his Original Sentence maximum release date. *See* C.R. at 28, 124. On October 25, 2018, Lewis posted bail on his New Charges. *See* C.R. at 24.

On October 31, 2022, a jury found Lewis guilty of Possessing a Prohibited Firearm and Tampering with/Fabricating Physical Evidence. *See* C.R. at 56. On December 19, 2022, the Dauphin County Common Pleas Court sentenced Lewis to 30 to 60 months of incarceration for Possessing a Prohibited Firearm and 24 months of probation for Tampering with/Fabricating Physical Evidence. *See* C.R. at 20, 25. On January 17, 2023, Lewis requested a panel hearing. *See* C.R. at 22. On June 28, 2023, Lewis was returned to SCI-Smithfield. *See* C.R. at 83. On August 3, 2023, the Department of Corrections sent Lewis a Notice of Charges and Hearing. *See* C.R. at 20. On August 9, 2023, the Board held a revocation hearing at SCI-Benner Township. *See* C.R. at 32. On August 21, 2023, the Board recommitted Lewis as a CPV to serve his backtime.[2] *See* C.R. at 91. By August 29, 2023 Recommitment Order, the Board recalculated Lewis's Original Sentence maximum release date to October 16, 2024. *See* C.R. at 125. On September 15, 2023, Lewis filed an administrative remedies form with the Board. *See* C.R. at 133. On April 2,

---

[2] Section 61.1 of the Board's Regulations defines *backtime* as "[t]he unserved part of a prison sentence which a convict would have been compelled to serve if the convict had not been paroled." 37 Pa. Code § 61.1.

2024, the Board denied Lewis's request for administrative relief and affirmed its decision recorded August 29, 2023 (mailed September 5, 2023). *See* C.R. at 137. Lewis appealed to this Court.[3]

Lewis argues that the Board erred by concluding that his parole revocation hearing was timely held. Lewis asserts that this Court has upheld the reasonableness of deferring revocation hearings until a parolee's return to state custody observing that "[n]othing in the law authorizes the Board to supersede the jurisdiction of a county criminal court; where a parolee is lodged in a county prison on criminal charges, the Board has no jurisdiction over the parolee until he is released by the county authorities to a[n SCI]." *Hartage v. Pa. Bd. of Prob. & Parole*, 662 A.2d 1157, 1160 (Pa. Cmwlth. 1995) (citing *Terrell v. Jacobs*, 390 A.2d 1379 (Pa. Cmwlth. 1978)). Lewis argues that, in 2009, the General Assembly obviated the *Hartage* rationale by giving the Board the authority to demand access to county prisoners facing parole violations. *See* Section 6136 of the Prisons and Parole Code (Parole Code), 61 Pa.C.S. § 6136.[4] Lewis contends that, despite this

---

[3] This Court's "review is limited to determining whether constitutional rights were violated, whether the decision was in accordance with [the] law, or whether the necessary findings of fact were supported by substantial evidence." *White v. Pa. Parole Bd.*, 276 A.3d 1247, 1255 n.7 (Pa. Cmwlth. 2022).

[4] Section 6136 of the Parole Code provides:

All prison officials shall:

(1) At all reasonable times grant access to any offender whom the [B]oard has power to parole to the members of the [B]oard or its properly accredited representatives.

(2) At all reasonable times provide for the [B]oard or its properly accredited representative facilities for communicating with and observing an offender while imprisoned. Such facilities may, at the discretion of the prison officials, be provided via videoconferencing or similar virtual presence technology.

(3) Furnish to the [B]oard, no fewer than 90 days prior to a scheduled parole interview or if an interview is scheduled to be held

new authority, the Board did not change its regulatory prohibition of conducting panel hearings in county prisons. Lewis emphasizes that *Hartage* and *Terrell* do not ring hollow if mere logistics is the motivation for not scheduling a revocation hearing for a parole violator confined in a county jail who has not waived his *Rambeau* rights.[5] However, Lewis insists that while this motivation was reasonable through the end of the 20th century, the universal use of videoconferencing two decades into the 21st century makes it irrelevant.

The Board rejoins that Lewis's argument directly contravenes Section 71.4(l)(1) of the Board's Regulations, 37 Pa. Code § 71.4(1)(i), and the Pennsylvania Supreme Court's holding in *Rambeau*. To the extent Lewis argues that video or other technology could have been used to effectuate an earlier revocation hearing, the Board retorts that this argument ignores several key factors: (1) as decades of precedent has clearly established, the Board cannot dictate to the criminal courts that they must make him available for a parole revocation hearing; (2) the Board cannot dictate to county prisons that they need to purchase videoconference equipment, ensure sufficient staff are present, and ensure that the participant is available, among numerous other variables that would play out in each individual county prison across the Commonwealth; and (3) Lewis fails to articulate a harm, as he is not being deprived of sentence credit as a CPV.

Initially, the *Rambeau* Court held:

> It seems elementary that the right to be heard in person becomes meaningless unless the [CPV] is heard personally

---

> within less than 90 days, as quickly as possible after such public officials are informed of such interview, reports concerning the conduct of offenders in their custody together with any other facts deemed pertinent in aiding the [B]oard to determine whether such offenders shall be paroled.

61 Pa.C.S. § 6136.

[5] *Commonwealth ex rel. Rambeau v. Rundle*, 314 A.2d 842 (Pa. 1973), is discussed below.

by the people who must make the decision regarding his recommitment, i.e., the entire [] [B]oard, not by some third party, or by only one member, who then relates the convicted violator's case, second hand, to the rest of the [B]oard.

*Id*. at 848. Thereafter, the General Assembly amended the law to permit the Board to "make decisions on parole, reparole, return[,] or revocation in panels of two persons. A panel shall consist of one [B]oard member and one hearing examiner or of two [B]oard members." Section 6113(b) of the Parole Code, 61 Pa.C.S. § 6113(b); *see also* 37 Pa. Code § 61.1 ("*Panel*--Two members of the Board, or a Board member and an examiner.").

Section 71.4(1) of the Board's Regulations provides:

**A revocation hearing shall be held within 120 days from the date the Board received official verification of** the plea of guilty or nolo contendere or of **the guilty verdict** at the highest trial court level **except** as follows:

(i) **If a parolee is confined outside the jurisdiction of the Department of Corrections**, such as confinement out-of-[s]tate, confinement in a [f]ederal correctional institution or confinement in a county correctional institution **where the parolee has not waived the right to a revocation hearing by a panel** in accordance with [*Rambeau*], **the revocation hearing shall be held within 120 days of the official verification of the return of the parolee to a [s]tate correctional facility**.

(ii) A parolee who is confined in a county correctional institution and who has waived the right to a revocation hearing by a panel in accordance with the *Rambeau* decision shall be deemed to be within the jurisdiction of the Department of Corrections as of the date of the waiver.

37 Pa. Code § 71.4(1) (emphasis added). Here, Lewis did not waive his right to a panel hearing, but he was confined outside the Department of Corrections' jurisdiction. Nonetheless, he maintains that his revocation hearing should have been conducted within 120 days of his request for the panel hearing.

5

This Court has recently addressed this argument in *Ott v. Pennsylvania Parole Board* (Pa. Cmwlth. No. 19 C.D. 2023, filed July 22, 2024).[6] In *Ott*, the inmate also contended that Section 6136 of the Parole Code undermines the rationale of Section 71.4(1) of the Board's Regulations, as well as case law interpreting the same, by giving the Board the authority to demand *access* to county prisoners. The *Ott* Court explained:

> [T]he flaw in his argument is that **there is nothing in the law that authorizes the Board to supersede the jurisdiction of a county court**. [*See*] *Terrell*, 390 A.2d at 1381; *see* [*also* Section 6132 of the Parole Code,] 61 Pa.C.S. § 6132. The Board's power to recommit parolees for violations of parole "shall not extend to those persons committed to county confinement within the jurisdiction of the court pursuant to [Section 9762 of the Judicial Code,] 42 Pa.C.S. § 9762 (relating to sentencing proceeding; place of confinement)." 61 Pa.C.S. § 6132. Section 6136 of the Parole Code did not change this. **Although Section 6136 [of the Parole Code] grants the Board *access* to a parolee in a county institution, it does not grant the Board *jurisdiction* over him for purposes of a revocation hearing**. "The Board has no jurisdiction over [a parolee] until he is returned to a[n] [SCI] and has no control over when that will occur." *Gant v.* [*Pa.*] [*Bd.*] *of Prob*[.] [*&*] *Parole*, 380 A.2d 510, 512 (Pa. Cmwlth. 1977). "**Only parolees confined in a county prison who have waived the** [**panel revocation**] **hearing are deemed to be within the** [**Board's**] **jurisdiction**." *Cameron v.* [*Pa.*] [*Bd.*] *of Prob*[.] [*&*] *Parole*, 496 A.2d 419, 421 (Pa. Cmwlth. 1985); 37 Pa. Code § 71.4(1)(ii).

*Ott*, slip op. at 12-13 (bold emphasis added).

---

[6] While not binding, unreported opinions of this Court issued after January 15, 2008, may be cited for their persuasive authority pursuant to Rule 126(b) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P 126(b), and Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a). The unreported opinions cited herein are cited for their persuasive authority.

> Although [this Court] recognize[s] that with the modern technological advancements such hearings may be conducted remotely via videoconferencing, as was done here, this does not resolve the jurisdictional conflict. There are pragmatic and logistical reasons for why a parolee maintaining his right to a panel revocation hearing must be within the Board's actual, as opposed to "deemed," jurisdiction.

*Id.* at 13-14. Here, "[t]he [] Board held [Lewis's] revocation hearing on August [9], 202[3]. This was only [42] days after his return to the jurisdiction of the Department of Corrections, which was within the 120 days required by the [] Board's Regulations. Therefore, the [] Board timely held [Lewis's] revocation hearing." *Wise v. Pa. Parole Bd.* (Pa. Cmwlth. No. 249 C.D. 2022, filed Mar. 9, 2023), slip op. at 6.

For all of the above reasons, the Board's decision is affirmed.

_____
ANNE E. COVEY, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Marcell Lewis,        :
     Petitioner    :
            :
    v.       :
            :
Pennsylvania Parole Board,  :  No. 418 C.D. 2024
     Respondent  :

## O R D E R

AND NOW, this 31st day of March, 2025, the Pennsylvania Parole Board's April 2, 2024 decision is affirmed.

_____

ANNE E. COVEY, Judge