468 A.2d 1091

COMMONWEALTH of Pennsylvania, Respondent,

v.

Sheldon DORIAN, Petitioner.

COMMONWEALTH of Pennsylvania, Petitioner,

v.

Sheldon DORIAN, Respondent.

Supreme Court of Pennsylvania.

Dec. 27, 1983.

Petition for Allowance of Appeal Denied Dec. 27, 1983.

D. Gerard Long, Dist. Atty., Ebensburg, for respondent.

Sheldon Dorian, pro se.

Before ROBERTS, C.J., and NIX, LARSEN, FLAHER-TY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

OPINION

PER CURIAM.

These are cross petitions for allowance of appeal from an opinion and order of Superior Court, —— Pa.Super. ——, 460 A.2d 1121, affirming an order of Cambria County Common Pleas denying petitioner Sheldon Dorian's motion to modify his sentence. The sentencing judge sentenced petitioner Dorian to a six to twelve year prison term for a burglary he committed while on parole. He ordered that sentence to run concurrent with the remaining time on his original sentence which he was required to serve after his parole violation. The Superior Court panel correctly denied petitioner Dorian relief on this claim. However, we grant his petition for allowance of appeal to this Court because Superior Court erroneously concluded that a trial judge may impose a sentence on a parole violator for a crime committed while on parole to run concurrently with the time remaining on his original sentence.

"[T]he law [61 P.S. § 331.21a] is quite clear that a parole violator convicted and sentenced to prison for another offense must serve his or her back time and the new sentence in consecutive order." *Commonwealth v. Zuber*, 466 Pa. 453, 457, 353 A.2d 441, 443 (1976) (citing *Commonwealth v. Draper*, 222 Pa.Superior Ct. 26, 293 A.2d 614 [1972] ). That law was not affected by the Act of December 30, 1974, 42 Pa.C.S. § 9761. We therefore disapprove of the dictum in the panel's decision which would hold that Section 9761 of the Sentencing Code enables the sentencing judge to direct that a parolee's "front time" sentence run concurrent with his "back time" sentence.

The Commonwealth's petition for allowance of appeal is denied. Mr. Dorian's petition for allowance of appeal is

granted and the order of Superior Court denying post-conviction relief is affirmed.