J-S51045-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JOSE M. OQUENDO, JR., | : | |
| | : | |
| Appellant | : | No. 1468 MDA 2013 |

Appeal from the PCRA Order entered on July 10, 2013
in the Court of Common Pleas of Luzerne County,
Criminal Division, No. CP-40-0003290-2011

BEFORE: BOWES, OTT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:               **FILED AUGUST 28, 2014**

Jose M. Oquendo, Jr. ("Oquendo"), appeals from the Order denying his

Petition for relief pursuant to the Post Conviction Relief Act ("PCRA"). ***See***

42 Pa.C.S.A. §§ 9541-9546. We affirm.

On February 1, 2012, Oquendo pled guilty to aggravated assault by

vehicle while driving under the influence, driving under the influence—

highest rate of alcohol, second offense, driving with a suspended license and

simple assault.[1] The trial court sentenced Oquendo to 24 to 48 months in

prison.

The PCRA court set forth the subsequent procedural history of the case

as follows:

> At the time of his sentencing[, Oquendo] was incarcerated
> at S.C.I. Dallas as a result of his being recommitted on

---

[1] 75 Pa.C.S.A. §§ 3735.1, 3802(c) and 1543; 18 Pa.C.S.A. § 2701(a)(1).

September 29, 2011[,] for a parole violation arising out of the same charges for which he was sentenced by [the trial] court. The sentences imposed by [the trial] court were each at the lowest end of the standard range[,] and were to run concurrent[ly] to each other and concurren[ly] from May 2, 2012, to the back time [Oquendo] was serving as a result of his parole violation.

The Department of Corrections determined that, pursuant to the Parole Act, 61 Pa.C.S.A. [§ 6138[2]], the sentence imposed by [the trial] court could not run concurrent[ly] to the sentence [Oquendo] was serving as a result of his parole violation, but must be run consecutive[ly] to that sentence.

PCRA Court Opinion, 7/10/13, at 3-4 (footnote added).

---

[2] Section 6138 of the Parole Act states, in relevant part, as follows:

**§ 6138. Violations of terms of parole**

**(a) Convicted violators.**—

* * *

(5) If a new sentence is imposed on the parolee, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases:

(i) If a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution.

61 Pa.C.S.A. § 6138(a)(5)(i); **see also Commonwealth v. Dorian**, 468 A.2d 1091, 1092 (Pa. 1983) (stating that "the law is quite clear that a parole violator convicted and sentenced to prison for another offense must serve his or her back time and the new sentence in consecutive order.") (citing **Commonwealth v. Zuber**, 535 A.2d 441, 443 (Pa. 1976)).

- 2 -

Thereafter, on May 2, 2012, the trial court imposed the 24 to 48 month prison sentence consecutively to the sentence Oquendo was serving as a result of his parole violation. Oquendo did not file a direct appeal. On March 14, 2013, Oquendo filed a PCRA Petition. The PCRA court appointed Oquendo counsel. After a hearing, the PCRA court denied the Petition. Oquendo filed a timely Notice of Appeal.

On appeal, Oquendo raises the following question: "Whether the [PCRA] court erred in denying [his] claim of ineffective assistance of counsel, specifically that plea counsel failed to properly advise [him] that the [trial c]ourt could not order that [the new] sentence be served concurrently with [his] State [parole] violation sentence?" Brief for Appellant at 4.

> We review an order [denying] a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Oquendo contends that his plea counsel's ineffectiveness caused him to enter an involuntary and unknowing guilty plea because he was not advised that his sentence could not be served concurrently to his parole violation sentence. Brief for Appellant at 9. Oquendo argues that because he was under the mistaken impression that his new sentence and his parole

violation sentence could run concurrently to each other, he should now be allowed to withdraw his plea. *Id.* at 10.

To succeed on an ineffectiveness claim, Oquendo must demonstrate by a preponderance of the evidence that

> (1) [the] underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different.

*Commonwealth v. Ali*, 10 A.3d 282, 291 (Pa. 2010). A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. *Commonwealth v. Martin*, 5 A.3d 177, 183 (Pa. 2010). Counsel is presumed to be effective and the burden is on the appellant to prove otherwise. *Commonwealth v. Hanible*, 30 A.3d 426, 439 (Pa. 2011).

> A criminal defendant has the right to effective counsel during a plea process as well as during trial. The law does not require that appellant be pleased with the outcome of his decision to enter a plea of guilty. Instead, the defendant must show that counsel's deficient stewardship resulted in a manifest injustice, for example, by facilitating entry of an unknowing, involuntary, or unintelligent plea. The voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. Therefore, allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused appellant to enter an involuntary or unknowing plea.

> Our law is clear that, to be valid, a guilty plea must be knowingly, voluntarily and intelligently entered. There is no absolute right to withdraw a guilty plea, and the decision as to whether to allow a defendant to do so is a matter within the sound discretion of the trial court. To withdraw a plea after sentencing, a defendant must make a showing of prejudice

amounting to "manifest injustice." A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently. A defendant's disappointment in the sentence imposed does not constitute "manifest injustice."

***Commonwealth v. Bedell***, 954 A.2d 1209, 1212 (Pa. Super. 2008) (citations, brackets, and quotation marks omitted).

In order to ensure a voluntary, knowing, and intelligent plea, trial courts are required to ask the following questions in the plea colloquy:

1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or *nolo contendere*?

2) Is there a factual basis for the plea?

3) Does the defendant understand that he or she has the right to a trial by jury?

4) Does the defendant understand that he or she is presumed innocent until found guilty?

5) Is the defendant aware of the permissible ranges of sentences and/or fines for the offenses charged?

6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

***Id.***; ***see also*** Pa.R.Crim.P. 590, cmt. "The guilty plea colloquy must affirmatively demonstrate that the defendant understood what the plea connoted and its consequences." ***Commonwealth v. Lewis***, 708 A.2d 497, 501 (Pa. Super. 1998). "In determining whether a guilty plea was entered knowingly and voluntarily, … a court is free to consider the totality of the circumstances surrounding the plea." ***Commonwealth v. Flanagan***, 854 A.2d 489, 513 (Pa. 2004) (citation and internal quotation marks omitted).

"Once a defendant has entered a plea of guilty, it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him." ***Commonwealth v. Stork***, 737 A.2d 789, 790 (Pa. Super. 1999) (citation and internal brackets omitted).

Based upon our review of the totality of the circumstances, we conclude that Oquendo's ineffectiveness claim is without arguable merit, as the record supports the PCRA court's determination that Oquendo knowingly and voluntarily entered the guilty plea. At the plea colloquy, Oquendo stated that he understood the English language, and that he was not under the influence of alcohol or drugs. N.T., 2/1/12, at 3. Oquendo affirmed that he understood all of the charges against him, and that he was admitting to the facts that led to those charges. ***Id.*** Oquendo also stated that by pleading guilty, he understood that he was foregoing certain rights, including, *inter alia*, the presumption of innocence and the right to a jury trial. ***Id.*** at 4. Further, the sentencing ranges available for each charge at the plea proceedings were specified to Oquendo. ***Id.*** at 2-3. Moreover, the parties did not reach an agreement as to the sentence prior to Oquendo's entry of the guilty plea. ***Id.*** at 3.

Based upon the foregoing, we conclude that counsel did not cause Oquendo to involuntarily tender his guilty plea by failing to inform him that his new sentence must run consecutively to his parole violation sentence. Indeed, Oquendo accepted the factual basis of the charges and admitted

that he committed the crimes in question. Moreover, as the parties did not agree to a sentencing recommendation, Oquendo cannot establish that his guilty plea was predicated on an understanding that his sentences would run concurrently rather than consecutively. ***See Commonwealth v. Velasquez***, 563 A.2d 1273, 1276 (Pa. Super. 1989) (stating that appellant's allegations that counsel induced a guilty plea by promising a lighter sentence were not sufficient to prove ineffectiveness of counsel, where those claims were not supported by the record); ***see also Commonwealth v. Brown***, 48 A.3d 1275, 1277 (Pa. Super. 2012) (stating that a "defendant is bound by the statements made during the plea colloquy"). Accordingly, Oquendo's ineffectiveness claim fails.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/28/2014