IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Elijah Muhamad Watson,               :
                    Petitioner       :
                                     :
        v.                           :    No. 1001 C.D. 2021
                                     :    Submitted: March 25, 2022
Pennsylvania Parole Board,           :
                    Respondent       :

BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE DUMAS                                    FILED: June 28, 2022

        Elijah Muhamad Watson (Watson) petitions for review of the
Pennsylvania Parole Board's (Board) August 20, 2021 decision denying his request
for administrative relief. Kent D. Watkins, Esq. (Counsel), Watson's court-
appointed counsel, has filed an application to withdraw because the appeal lacks
merit. We grant Counsel's application to withdraw and affirm the Board's decision.

        Briefly, Watson pleaded guilty to a firearms violation, and on
September 6, 2016, the Court of Common Pleas of Northampton County (trial court)
sentenced Watson to 15 to 36 months of imprisonment, with a maximum sentence
date of October 17, 2019. Watson was paroled, and he absconded.

        Watson was eventually arrested and charged with a drug offense and
for violating a technical condition of his parole. The Board recommitted Watson for
the technical parole violation for six months. Violation/Detention Hr'g Report,
10/8/19.

Watson later pleaded guilty to the drug offense and was sentenced to 27 to 60 months in state prison. Watson waived a revocation hearing and admitted to the conviction. The Board denied Watson credit for time spent at liberty because he had absconded while on parole and continued to have issues with drugs. Revocation Hr'g Report, 12/11/20. The Board recommitted Watson as a convicted parole violator with a new maximum sentence date of June 21, 2022. In relevant part, the Board also ordered that his backtime[1] be served concurrently with his six-month sentence as a technical parole violator. Bd. Decision, 2/23/21 (explaining that it recommitted Watson "as a technical parole violator to serve 6 months, and now[] recommit[ed Watson] to a state correctional institution as a convicted parole violator to serve [his] unexpired term, concurrently, for a total unexpired term of 1 year, 7 months, 23 days").[2]

Watson timely filed a counseled, administrative appeal to the Board, contending that the Board erred by (1) not having his revocation sentence run concurrent with his "current state sentence," and (2) miscalculating his credit for time served. Admin. Remedies Form, 3/19/21. The Board temporarily misplaced

---

[1] Backtime is the "unserved part of a prison sentence which a convict would have been compelled to serve if the convict had not been paroled." 37 Pa. Code § 61.1.

[2] As discussed herein, the Board could not impose backtime to run concurrent with Watson's new 27- to 60-month sentence for the drug offense. *See* Section 6138(a)(5) of the Prisons and Parole Code (Parole Code), 61 Pa.C.S. § 6138(a)(5) (stating when a new sentence must be served consecutive to the backtime on the original sentence); *see generally Vieldhouse v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., 803 C.D. 2018, filed Mar. 1, 2019), 2019 WL 994157 (unreported) (noting Board recommitted petitioner as a convicted parole violator to serve backtime concurrent to six-month sentence previously imposed on petitioner as a technical parole violator). We may cite to an unreported decision of this Court issued after January 15, 2008, for its persuasive authority. 210 Pa. Code § 69.414(a).

Watson's request for several months before rediscovering it and denying relief.[3] Bd.'s Decision, 8/20/21. The Board detailed its calculation of Watson's credit for time served and reasoned that because Watson was a convicted parole violator, he was not entitled to credit for time spent at liberty on parole. *Id.* at 1-2. The Board also explained that a convicted parole violator who receives a new sentence must first serve the remainder of the original sentence. *Id.* at 2.

Watson timely filed a counseled petition for review with this Court, which challenged the Board's denial of credit for time served and spent at liberty on parole. Pet. for Rev., 9/14/21, at 1-2. Counsel subsequently filed an application to withdraw as counsel. *Turner/Finley* Ltr., 11/30/21.[4]

As a preliminary matter, we address whether Counsel's application to withdraw complied with the *Turner/Finley* requirements. A *Turner/Finley* letter must detail "the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw." *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009) (citation omitted). Further, counsel must "also send to the petitioner: (1) a copy of the 'no-merit' letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel." *Id.* (citation omitted). If counsel satisfies these technical requirements, we must then conduct our own review of the merits of the case. *Id.* If

---

[3] Meanwhile, Watson *pro se* filed a request for reconsideration, which the Board denied as untimely. Bd.'s Resp., 6/16/21. Because Watson was represented by counsel, it appears Watson's *pro se* filing and the Board's denial would be void. *Cf. generally Commonwealth v. Jette*, 23 A.3d 1032, 1041 (Pa. 2011) (rejecting hybrid representation).

[4] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

we agree that the claims are without merit, we will permit counsel to withdraw and deny relief. *Id.*

Upon review, we conclude Counsel has satisfied the technical requirements of *Turner/Finley*. *See id.* Counsel has discussed the nature of his review, identified the issues raised in Watson's administrative appeal, and explained why those issues lack merit. *See Turner/Finley* Ltr. at 6-8. Counsel also sent a copy of the *Turner/Finley* letter and application to withdraw to Watson, and also advised Watson of his right to proceed *pro se* or with new counsel. *See id.* at 8-9; Appl. to Withdraw as Counsel, 11/30/21. Watson did not retain new counsel and did not file a *pro se* response. Accordingly, we review the merits of Watson's appeal.

Counsel's *Turner/Finley* letter discusses two issues.[5] First, Counsel's letter addresses whether Watson's new sentence could be run concurrently with his current sentence. *See Turner/Finley* Ltr. at 6-7. Counsel states that because Watson was convicted of a crime while on parole, the sentence for that new conviction cannot run concurrent with the backtime on his original sentence. *Id.* at 7. Second, Counsel's letter discusses whether Watson was entitled to credit for time spent at liberty on parole. *Id.* Counsel notes that because Watson was convicted of the drug offense after he absconded from parole, the Board exercised its discretion appropriately in denying credit for time spent at liberty on parole. *Id.* at 8.

With respect to the first issue, Section 6138(a)(5)(i) of the Parole Code states that generally, a parolee must serve the backtime on his original sentence before serving his new sentence. 61 Pa.C.S. § 6138(a)(5)(i). Our Supreme Court has held that a parolee cannot concurrently serve both an original sentence's

---

[5] Our standard of review is limited to determining whether the Board committed an error of law, whether its findings are supported by substantial evidence, and whether its decision violated constitutional rights. 2 Pa.C.S. § 704. The Board did not file a brief.

backtime and a new sentence. *Commonwealth v. Dorian*, 468 A.2d 1091, 1092 (Pa. 1983) (*per curiam* order); *Palmer v. Pa. Bd. of Prob. & Parole*, 134 A.3d 160, 165 (Pa. Cmwlth. 2016). After our independent review of the record, we agree with Counsel that because Watson's new sentence cannot be run concurrent to the backtime on his original sentence, the issue lacks merit. *See, e.g.*, *Dorian*, 468 A.2d at 1092.

Regarding the second issue, Section 6138 also addresses when the Board may grant a convicted parole violator credit for time spent at liberty on parole. Generally, a convicted parole violator is not entitled to credit for the time spent at liberty on parole. 61 Pa.C.S. § 6138(a)(2). However, provided the offender has not been convicted of certain enumerated crimes and is not subject to a federal removal order, the Board has the discretion to grant the offender credit for time spent at liberty on parole. *Id.* § 6138(a)(2.1).[6] In other words, the Board has the discretion to grant a convicted parole violator credit for time spent at liberty on parole as long as (1) the new criminal conviction is not listed in Section 6138(a)(2.1), and (2) he is not subject to a federal removal order.

Recently, in *Beverly v. Pa. Parole Bd.* (Pa. Cmwlth., 510 C.D. 2022, filed Mar. 31, 2022) (unreported), 2022 WL 964015, the petitioner challenged the Board's decision to deny him credit for time spent at liberty on parole after his new conviction for a firearms violation. *Beverly*, slip op. at 5-6, 2022 WL 964015 at *3-4. The *Beverly* Court affirmed the Board's decision, reasoning that because the petitioner had not committed a disqualifying crime and was not subject to a federal

---

[6] During the pendency of this matter, the Legislature amended Section 6138(a)(2) and (2.1) of the Parole Code. *See* Act of June 30, 2021, P.L. 260. The revisions were not relevant to our disposition.

removal order, the Board properly exercised its discretion "by choosing not to grant [petitioner] any credit for his street time." *See id.* at 6, 2022 WL 964015 at *3.

Here, similar to the *Beverly* petitioner, Watson's drug offense is not a disqualifying offense, and Watson is not subject to a federal removal order. Therefore, the decision of whether to grant credit for time spent at liberty on parole was solely within the Parole Board's discretion. *See id.* Like the *Beverly* Court, we conclude the Board exercised that discretion properly by choosing not to grant Watson any credit for his street time. *See id.*; *accord* 61 Pa.C.S. § 6138(a)(2.1).

For these reasons, we conclude Counsel has fulfilled the requirements of *Turner/Finley*, and our independent review of the record confirms that Watson's appeal lacks merit. Accordingly, we grant Counsel's application to withdraw his appearance and affirm the Board's decision. *See Zerby*, 964 A.2d at 960.



LORI A. DUMAS, Judge

6

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Elijah Muhamad Watson,         :
                     Petitioner    :
                                 :
      v.                     :    No. 1001 C.D. 2021
                                 :
Pennsylvania Parole Board,     :
                    Respondent  :

## O R D E R

AND NOW, this 28th day of June, 2022, we affirm the Pennsylvania Parole Board's August 20, 2021 decision and grant the application to withdraw as counsel filed by Kent D. Watkins, Esq.

 

                           _____

                           LORI A. DUMAS, Judge