J-S17044-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
ELIJAH MUHAMAD WATSON :
:
Appellant : No. 208 EDA 2022

Appeal from the PCRA Order Entered December 16, 2021
In the Court of Common Pleas of Wayne County
Criminal Division at No:  CP-64-CR-0000355-2019

BEFORE:  BOWES, J., LAZARUS, J., and STABILE, J.

MEMORANDUM BY STABILE, J.: **FILED SEPTEMBER 01, 2022**

Appellant, Elijah Muhamad Watson, appeals *pro se* from the December 16, 2021 order entered in the Court of Common Pleas of Wayne County dismissing his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  Upon review, we vacate and remand.

The PCRA court summarized the relevant background as follows:

[Appellant] was charged and pled guilty to one (1) count of manufacture, delivery, or possession with intent to manufacture or deliver on or about September 4, 2020.  [Appellant] was sentenced on October 29, 2020, to undergo imprisonment in a state correctional institution for a period of 27 months to 60 months running concurrently to his current state sentence. However, [Appellant] was on parole from his previous crime at the time of sentencing and the Pennsylvania Parole Board ordered that he serve the backtime of his state sentence before [the sentence imposed by the trial court].  Thus, the sentences would run

consecutive and not concurrent.[1]   [Appellant] filed a timely [PCRA petition] on or about March 18, 2021.   [The trial court] appointed John J. Martin, II Esq[.] (hereinafter "PCRA Counsel"), to represent [Appellant] on his PCRA.   On July 2, 2021, PCRA counsel filed a motion to withdraw as counsel and submitted a *Turner*/*Finley*[2] "no-merit" letter.

On September 23, 2021[, the PCRA court] issued [its] opinion and order granting withdrawal of counsel and putting [Appellant] on notice his claim was to be dismissed.   On October 28, 2021[, Appellant's] PCRA petition was dismissed but due to an error on the Prothonotary's part, the PCRA opinion and order never reached [Appellant].   Accordingly, [the PCRA court] ordered on November 15, 2021 that the prior orders were stricken and gave [Appellant] an additional twenty (20) days to respond.   Finally, on December 16, 2021[, Appellant]'s PCRA was dismissed and [Appellant] was advised he had thirty (30) days to appeal.   On January 10, 2022[, Appellant] filed a notice of appeal to the Superior Court and on January 13, 2022[, the PCRA court] ordered that [Appellant] file his concise statement of errors within twenty (20) days.   However, again due to the Prothonotary's failure to timely send this order to [Appellant], he did not receive it until after his twenty (20) day period had ended.   Accordingly, [Appellant] filed a petition for leave to file a nunc pro tunc concise statement of errors on February 11, 2022, which [the PCRA court] granted on February 15, 2022.

PCRA Court Opinion, 2/2/22, at 1-2 (unnecessary capitalization omitted).

Appellant raises the following issues for our review:

Did the PCRA Court err in dismissing the petition where Appellant clearly showed that he was sentenced to an illegal sentence when informed that the new sentence would run concurrent to the old sentence?

---

[1] There is no indication that Appellant filed an appeal from the judgment of sentence.

[2] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988).

Were Appellant's rights to due process, a fair trial and effective assistance of counsel violated where none of previous counsel would object to or litigate the fact that the trial court had a clear conflict of interest?

Appellant's Brief at 2 (capitalization omitted).

"[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014) (citation omitted). Where the record supports the PCRA court's findings of fact, they are binding on this Court. *Commonwealth v. Watkins*, 108 A.3d 692, 701 (Pa. 2014). We review the PCRA court's legal conclusions *de novo*. *Id.*

The PCRA court addressed Appellant's first claim as follows.

The law is quite clear in this case as the Pennsylvania Supreme Court has already ruled on this exact issue. In *Commonwealth v. Dorian*, [468 A.2d 1091 (Pa. 1983),] a defendant that pled guilty to burglary while on parole filed for relief after the Pennsylvania Parole Board mandated he serve his sentences consecutively rather than concurrently as the sentencing judge ordered. [*Id.*] There, the [Pennsylvania] Supreme Court held that petitioner's relief claim had no merit and that "a trial judge [cannot] impose a sentence on a parole violator for a crime committed while on parole to run concurrently with the time remaining on his original sentence. *Id*. at [1092]. Accordingly, the defendant was required to serve his sentences consecutively as the Pennsylvania Parole Board mandated. *Id*.

PCRA Court Opinion, 2/22/22, at 3.

The PCRA court also noted that "PCRA counsel correctly identified the [statute] at issue here, [Section 61 Pa.C.S.A. § 6138]," *id.*, and, in particular, subsection (a)(5), which reads:

- 3 -

If a new sentence is imposed on the offender, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases:

> (i) If a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution.

> (ii) If a person is paroled from a county prison and the new sentence imposed upon him is to be served in the same county prison.

> (iii) In all other cases, the service of the new term for the latter crime shall precede commencement of the balance of the term originally imposed.

61 Pa.C.S.A. § 6138(a)(5).

In light of the above authorities, the PCRA court concluded that Appellant was not entitled to any relief because "[t]he Pennsylvania Parole Board Act takes precedence by statute. The sentencing [j]udge does not possess the authority to issue concurrent sentences that would undermine the Board." PCRA Court Opinion, 2/22/22 at 3. PCRA counsel and the PCRA court are correct in concluding that the sentencing judge does not have the authority to "direct a parolee's 'front time' sentence to run concurrently with the remaining time on his original sentence, or 'back time.'" *Id.* at 4. In fact, it is well-established that "where a state parolee gets a new state sentence, he must serve his backtime first before commencement of the state sentence [citing 61 Pa.C.S.A. § 6138(a)(5)(i)]." *Commonwealth v. Kelley*, 136 A.3d 1007, 1013-14 (Pa. Super. 2016) (citing *Lawrence v. Pennsylvania Dept. of Corrections*, 941 A.2d 70 (Pa. Cmwlth. 2007)). The trial court and the

parties, however, failed to recognize that when the sentencing court imposes, as it did here, a new state sentence concurrent with parolee's backtime on the original state sentence, the new sentence is illegal under the statute. *Id.* An illegal sentence can be remedied through PCRA relief. *See* 42 Pa.C.S.A. § 9542 ("This subchapter provides for an action by which persons . . . serving illegal sentences may obtain collateral relief"); *Commonwealth v. McIntyre*, 232 A.3d 609, 617 (Pa. 2020); *Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999) ("legality of sentence is always subject to review within the PCRA," provided the PCRA's time limits for filing a petition, or one of its exceptions, are satisfied).[3, 4]

In light of the foregoing, we vacate the PCRA court's order denying Appellant's PCRA petition and vacate the underlying sentencing order. We remand to the lower court for the appointment of counsel for Appellant for

---

[3] It is undisputed that Appellant's instant PCRA petition was timely filed within one year of his judgment of sentence becoming final.

[4] Appellant, unsuccessfully, brought to the trial court's attention this very same issue (*i.e.*, new sentence could not run concurrently with his old sentence) at the time of sentencing. *See* N.T. Sentencing, 10/29/20, at 16.

proceedings consistent with this memorandum, including, but not limited to,[5]

sentencing.[6]

Orders vacated. Remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date:* 9/1/2022

---

[5] We note that Appellant merely asked us to send this matter to the trial court for resentencing. However, throughout his filings, he also suggests that the shared misunderstanding regarding the legality of the sentence that could be imposed affected his decision to enter a guilty plea. We are unable to address the issue because the record before us is incomplete and requires further development before the trial court, if Appellant opts to challenge his plea. We are taking no position on the merits of such a challenge.

[6] Given our conclusions, we do not need to address Appellant's second claim.