J-A20014-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                     :           PENNSYLVANIA
                                     :
          v.                     :
                                     :
                                     :
MICHAEL JOSEPH LAWLER JR.      :
                                     :
          Appellant          :    No. 273 EDA 2022

Appeal from the PCRA Order Entered January 4, 2022
In the Court of Common Pleas of Wayne County Criminal Division at
No(s): CP-64-CR-0000220-2017

BEFORE: BENDER, P.J.E., STABILE, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BENDER, P.J.E.:          **FILED SEPTEMBER 9, 2022**

Appellant, Michael Joseph Lawler Jr., appeals from the post-conviction court's January 4, 2022 order denying his timely-filed petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. After careful review, we vacate the court's order, as well as Appellant's judgment of sentence, and remand for further proceedings.

The facts of Appellant's underlying convictions are not pertinent to the issues he raises herein. This Court previously summarized the procedural history of his case, as follows:

> On January 11, 2018, Appellant entered an open guilty plea to three counts of criminal trespass. On February 21, 2018, upon motion by the Commonwealth, the Department of Corrections (the Department) took Appellant into custody to determine his eligibility for a State Intermediate Punishment (SIP) program. On September 28, 2018, the Department determined that Appellant

_____

[*] Retired Senior Judge assigned to the Superior Court.

> was ineligible for entry into SIP. On January 24, 2019, Appellant appeared for sentencing before the trial court. At sentencing, Appellant orally requested to withdraw his guilty plea based on the Department's determination that he was ineligible for participation in a[] SIP program. The trial court denied Appellant's request and sentenced him to 78 to 188 months of incarceration, with credit for time served.
>
> On March 26, 2019, Appellant, although still represented by counsel, filed an untimely[,] *pro se* notice of appeal. Thereafter, [c]ounsel filed a motion seeking to reinstate Appellant's appeal rights *nunc pro tunc*, which the trial court granted on June 3, 2019. On June 11, 2019, Counsel filed a timely notice of appeal.

***Commonwealth v. Lawler***, No. 1700 EDA 2019, unpublished memorandum at 1-2 (Pa. Super. filed Mar. 27, 2020).

On direct appeal, Appellant challenged the court's denial of his pre-sentence motion to withdraw his guilty plea, the discretionary aspects of his sentence, the Department's determination that he was ineligible for the SIP program, and the court's refusal to dismiss the case based on the Department's failure to timely determine that he was ineligible for the SIP program. ***See id.*** at 5. This Court concluded that Appellant's issues were meritless or waived, and affirmed his judgment of sentence on March 27, 2020. ***Id.*** Appellant did not file a petition for permission to appeal to our Supreme Court.

Instead, Appellant filed a timely, *pro se* PCRA petition on July 22, 2020. Counsel was appointed and filed amended petitions on August 31st and September 9th of 2021. On November 29, 2021, the court conducted a PCRA hearing, at which Appellant and his trial counsel, Steven Burlein, Esq., testified. On December 6, 2021, the court issued a Pa.R.Crim.P. 907 notice

of its intent to dismiss Appellant's petition, along with an opinion explaining its reasons for that decision. Appellant filed a response but, on January 4, 2022, the court issued an order dismissing his petition.

Appellant filed a timely notice of appeal, and he complied with the court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The court filed a Rule 1925(a) opinion on February 18, 2022. Herein, Appellant states two issues for our review, which we reorder for ease of disposition:

> I.   Did the [PCRA court] err in denying … Appellant's [PCRA] claim for ineffective assistance of counsel where … Appellant was induced to plead guilty on the representations of his trial attorney that he was eligible for [SIP]…, when in fact he was not eligible for SIP[?]
>
> II.  Did the [PCRA court] err in denying … Appellant's [PCRA] claim for illegality of sentence where Appellant is presently serving an illegal state sentence and said issue has not been previously litigated in the Superior Court or waived by Appellant?

Appellant's Brief at 4.

Initially, we note that:

> "In reviewing the propriety of an order granting or denying PCRA relief, an appellate court is limited to ascertaining whether the record supports the determination of the PCRA court and whether the ruling is free of legal error." ***Commonwealth v. Johnson***, … 966 A.2d 523, 532 ([Pa.] 2009). We pay great deference to the findings of the PCRA court, "but its legal determinations are subject to our plenary review." ***Id.***

***Commonwealth v. Matias***, 63 A.3d 807, 810 (Pa. Super. 2013).

Where, as here, a petitioner claims that he received ineffective assistance of counsel, our Supreme Court has directed that the following standards apply:

> [A] PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii). "Counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him." [**Commonwealth v.**] **Colavita**, … 993 A.2d [874,] 886 [(Pa. 2010)] (citing **Strickland** [**v. Washington**, 466 U.S. 668 … (1984)]). In Pennsylvania, we have refined the **Strickland** performance and prejudice test into a three-part inquiry. **See** [**Commonwealth v.**] **Pierce**, [527 A.2d 973 (Pa. 1987)]. Thus, to prove counsel ineffective, the petitioner must show that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result. **Commonwealth v. Ali**, … 10 A.3d 282, 291 (Pa. 2010). "If a petitioner fails to prove any of these prongs, his claim fails." **Commonwealth v. Simpson**, … 66 A.3d 253, 260 ([Pa.] 2013) (citation omitted). Generally, counsel's assistance is deemed constitutionally effective if he chose a particular course of conduct that had some reasonable basis designed to effectuate his client's interests. **See Ali, supra**. Where matters of strategy and tactics are concerned, "a finding that a chosen strategy lacked a reasonable basis is not warranted unless it can be concluded that an alternative not chosen offered a potential for success substantially greater than the course actually pursued." **Colavita**, … 993 A.2d at 887 (quotation and quotation marks omitted). To demonstrate prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." **Commonwealth v. King**, … 57 A.3d 607, 613 ([Pa.] 2012) (quotation, quotation marks, and citation omitted). "'[A] reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the proceeding.'" **Ali**, … 10 A.3d at 291 (quoting

> **Commonwealth v. Collins**, … 957 A.2d 237, 244 ([Pa.] 2008) (citing **Strickland**, 466 U.S. at 694….)).

**Commonwealth v. Spotz**, 84 A.3d 294, 311-12 (Pa. 2014).

In this case, Appellant contends that his trial counsel, Attorney Burlein, was ineffective for incorrectly advising Appellant that he would be eligible for admission into a SIP program if he plead guilty. According to Appellant, he only pled guilty because Attorney Burlein told him that he was eligible for admission into a SIP program. However, the Department ultimately rejected Appellant admission into that program due to an outstanding arrest warrant that Appellant had in another county. Appellant contends that Attorney Burlein failed to discover this arrest warrant and notify Appellant that he was not eligible for admission into a SIP program because of it. Appellant insists that he pled guilty based on that incorrect advice and, therefore, his counsel acted ineffectively and his plea was involuntary.

After careful review, we conclude that Appellant's ineffectiveness claim fails. Initially, at the PCRA hearing, Appellant testified that he wrote to Attorney Burlein in August of 2017, stating the following:

> If the [District Attorney's] office would agree to make all charges run concurrent for sentencing, I would be willing to accept whatever charges they want me[] to plead out to, or SIP if [it is] an option.

N.T. PCRA Hearing, 11/29/21, at 8. Appellant testified that he would not have entered a guilty plea and gone to trial if he was "not offered either that concurrent sentence or SIP[.]" **Id.** Moreover, in response to the question, "Were any promises made to you with regard to this plea?" in Appellant's

written plea colloquy, he wrote, "Req [*sic*] for SIP." *Id.* at 9. Additionally, Appellant testified that Attorney Burlein "told [him] that [he] was eligible for SIP" and that SIP "was a 24-month drug program that is [run] by the State." *Id.* He also stated that Attorney Burlein "told [him] that [he] would receive SIP upon taking the deal[,]" and that counsel did "not see anything that disqualifie[d Appellant] from the program." *Id.* at 10, 17.

When Attorney Burlein took the stand, he testified that he was unaware that Appellant had an active warrant for his arrest at the time he pled guilty in this case. *Id.* at 18. Counsel stated that he "went through [Appellant's] criminal history because that's how [he] determine[d] that … [Appellant] was eligible for SIP, but [counsel] did not find any warrants and normally [he does not] look for warrants." *Id.* Attorney Burlein admitted that he did not know at the time that having an outstanding warrant would preclude Appellant from admission into a SIP program. *Id.* at 19. Accordingly, Attorney Burlein did not advise Appellant of this fact before he plead guilty. *Id.* at 18.

However, on cross-examination, Attorney Burlein clarified that he did not **guarantee** Appellant acceptance into the SIP program; instead, he "said he was eligible and the determination … would then have to made by the … [Department]." *Id.* at 24. Additionally, on re-direct, Attorney Burlein again stated that he told Appellant "he was eligible to be considered for the [SIP] program." *Id.* at 25. Counsel explained:

> [Attorney Burlein]: When I say eligibility, I say he met the criteria under the statute, but all the internal decisions made by the SIP program itself with [the Department] is up to them.

*Id.*

On appeal, Appellant seemingly contends that counsel **guaranteed him admission** into the SIP program. The PCRA court rejected this claim, finding that Attorney Burlein did not promise Appellant entry into that program. **See** PCRA Court Opinion (PCO), 12/6/21, at 8. The record supports the court's decision. Counsel testified that he advised Appellant that he was **eligible** for admission into the program, but that the decision on whether to admit Appellant was ultimately up to the Department.

Therefore, accepting the PCRA court's factual finding that Attorney Burlein did not **promise** Appellant entry into a SIP program, we must determine if counsel was ineffective for advising Appellant that he was **eligible** for it. In other words, we assess whether counsel's failure to notify Appellant that his outstanding warrant would preclude his acceptance into a SIP program constitutes ineffectiveness.

After careful consideration, we conclude that it does not. On direct appeal, we assessed Appellant's challenge to the Department's denying him admission into the SIP program, explaining:

> An individual is eligible for State Intermediate Punishment if he or she has been convicted of a drug-related offense,[2] and:
>
> > (1) Has undergone an assessment performed by the Department of Corrections, which assessment has concluded that the defendant is in need of drug and alcohol addiction treatment and would benefit from commitment to a drug offender treatment program[3] and that placement in a drug offender treatment program would be appropriate.

- 7 -

(2) Does not demonstrate a history of present or past violent behavior.

(3) Would be placed in the custody of the department if not sentenced to State intermediate punishment.

(4) Provides written consent permitting release of information pertaining to the defendant's participation in a drug offender treatment program.

61 Pa.C.S.[] § 4103 (emphasis added). *A defendant is ineligible for State Intermediate Punishment if he or she is subject to a sentence which includes an enhancement for use of a deadly weapon; has been convicted or adjudicated delinquent of a crime requiring registration as a sexual offender; or has a current or prior conviction for specified offenses, none of which are applicable to Appellant.* 61 Pa.C.S.[] § 4103.

[2] A "drug-related offense" is "[a] criminal offense for which a defendant is convicted and that the court determines was motivated by the defendant's consumption of or addiction to alcohol or a controlled substance, counterfeit, designer drug, drug, immediate precursor or marijuana, as those terms are defined in the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act." 61 Pa.C.S.[] § 4103. Here, Appellant broke into cabins across northern Wayne County and stole $35,000 in goods. Appellant testified that he sold the goods and "purchased around $500 for food, and the remaining amount went towards buying Methamphetamine and Heroin." N.T., 1/24/19, at 8. The trial court determined that "the addiction is what drives [Appellant] to commit crimes." *Id.*

[3] "Drug offender treatment program" (DOTP) is "[a]n individualized treatment program established by the Department consisting primarily of drug and alcohol addiction treatment that satisfies the terms and conditions in section 9905 of the act [at 42 Pa.C.S.[] Chapter 99] (relating to drug offender treatment program)." 37 Pa. Code § 97.102.

Placement in State Intermediate Punishment requires several steps. First, *the sentencing court must determine whether an individual qualifies for placement. If so, the sentencing*

- 8 -

***court refers the matter for an evaluation by the Department.*** 61 Pa.C.S.[] § 4104(a)(1). Second, "[t]he Department will conduct a risk assessment and assess the addiction and other treatment needs of" the individual. 37 Pa. Code § 97.104(a). The Department, in its evaluation, considers the following criteria:

> (1) Information furnished to the Department by the sentencing court.[4]
>
> (2) The results of the assessment of addiction and other treatment needs conducted by the Department.
>
> (3) The length of the sentence that would be typically imposed under the standard range of the sentencing guidelines promulgated by the Pennsylvania Commission on Sentencing.
>
> (4) The eligible offender's motivation to participate meaningfully in a DOTP.
>
> (5) Whether the eligible offender has provided to the Department written consent permitting the release of information pertaining to the eligible offender's participation in a DOTP.
>
> (6) The eligible offender's criminal history.
>
> (7) The eligible offender's escape or parole absconder history.
>
> (8) The eligible offender's institutional adjustment during current and prior incarcerations.
>
> (9) The availability of the Department's programming resources.

37 Pa. Code § 97.106(a). Where the Department, "in its discretion," believes the criminal defendant's placement in these programs is appropriate, it prepares a drug treatment program plan for the individual and provides it to the sentencing court. 61 Pa.C.S.[] § 4104(c); 37 Pa. Code § 97.104(b). Upon receipt of a drug treatment program plan, the court may sentence an individual to State Intermediate Punishment. 61 Pa.C.S.[] § 4104(d). Where the Department determines that the criminal defendant will not benefit from a drug treatment program or that placement in a drug treatment program is not appropriate, it

provides a report setting forth the reasons for its determination to the sentencing court. 37 Pa. Code § 97.104(b).

[4] The sentencing court provides the Department with a summary of the criminal defendant's offense; information relating to the criminal defendant's history of criminality and drug or alcohol abuse or addiction; the presentence investigation report; and any other information the sentencing court believes is relevant. 61 Pa.C.S.[] § 4104(a)(2).

***Whether an individual would benefit from a drug offender treatment program and whether his or her placement in a drug treatment plan would be appropriate are matters committee to the Department's discretion.*** Section 4104(c) of the Prisons and Parole Code states:

If the department in its discretion believes a defendant would benefit from a drug offender treatment program and placement in the drug offender treatment program is appropriate, the department shall provide the court, the defendant, the attorney for the Commonwealth and the commission with a proposed drug offender treatment program detailing the type of treatment proposed.

61 Pa.C.S.[] § 4104(c) (emphasis added). Likewise, the statute does not "[c]onfer any legal right upon any individual ... to ... participate in a drug offender treatment program[.]" 61 Pa.C.S.[] § 4108(1)(i); ***see also*** 37 Pa. Code § 97.106(b) ("An eligible offender does not have a right to placement in a DOTP.").

As outlined above, Appellant does not have a statutory right to participation in an SIP program. ***See*** 61 Pa.C.S.[] § 4108(1)(i); 37 Pa. Code § 97.106(b). ***The Department possesses the discretion to admit an inmate, regardless of their eligibility and offender status.*** Accordingly, the Department did not abuse its discretion in denying Appellant admission into a[] SIP program based on an outstanding warrant from a magisterial district judge.

***Lawler***, No. 1700 EDA 2019, unpublished memorandum at 10-13 (emphasis

added; emphasis added by ***Lawler*** omitted).

From the above-emphasized language, it is clear that Appellant's

outstanding warrant, or any other factor, did not meet any of the criteria for

*automatic disqualification* from a SIP program. Indeed, the sentencing court determined he qualified for admission into the program because it ordered that he be evaluated by the Department. Therefore, Appellant was technically "eligible" for admission into a SIP program, and Attorney Burlein's advice to that effect was not ineffective. The fact that the Department ultimately exercised its *discretion* to deny Appellant admission based on his outstanding warrant does not demonstrate ineffectiveness by Attorney Burlein, where Appellant offered no evidence that Attorney Burlein should have, or could have, known that the Department would reach this decision.

Moreover, as the PCRA court points out, the following portion of Appellant's plea colloquy demonstrates that he was aware his admission into SIP was not guaranteed:

> Q: Now, I put your attention to, on page eight there is an addition written in that says … have there been any promises or agreements to get you to plead guilty, am I correct in stating that the agreement that you're referring to is that the Commonwealth will not object *if you qualify* for the [SIP] Program?
>
> A: Yes, Ma'am.
>
> ***
>
> Q: The *recommendation* for the [SIP] Program. Have there been any other promises or any threats to get you to plead guilty?
>
> A: No, Ma'am.

PCO at 7 (quoting N.T. Plea, 1/11/18, at 6, 7; emphasis added by PCRA court).

Based on this record, we conclude that Appellant's claim that Attorney Burlein acted ineffectively by advising him he was eligible for a SIP program

lacks arguable merit. Attorney Burlein was correct that Appellant was eligible for admission into a SIP program, as nothing in the statute automatically disqualified him. Moreover, the plea colloquy demonstrates that Appellant was notified that his admission into the program was not guaranteed. Because Appellant did not present any evidence that counsel should have known that the Department would exercise its discretion to deny Appellant admission based on his outstanding arrest warrant, Appellant's claim that Attorney Burlein acted ineffectively by advising him that he was eligible for admission into the SIP program lacks arguable merit. Consequently, no relief is due on Appellant's first issue.

Next, Appellant contends that his sentence is illegal. According to Appellant, the court had no authority to order that his aggregate term of incarceration in this case shall run concurrently with sentences in two other, unrelated cases for which he was serving parole in Wayne and Lackawanna Counties. Appellant contends that his sentence in the instant case could only be run **consectively** to those other sentences under 61 Pa.C.S. § 6138(a)(5)(i), which states:

> (5) If a new sentence is imposed on the offender, the service of the balance of the term originally imposed by a Pennsylvania court **shall precede the commencement of the new term** imposed in the following cases:
>
> > (i) If a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution.

61 Pa.C.S. § 6138(a)(5)(i) (emphasis added). Because the court here imposed Appellant's sentence to run concurrently with his remaining time on his now-revoked sentences of parole in his two other cases, Appellant concludes that his sentence violates section 6138(a)(5)(i) and is illegal.

As the PCRA court observed, this issue was resolved in **Commonwealth v. Dorian**, 468 A.2d 1091 (Pa. 1983). The court explained:

> In … **Dorian**, a defendant that pled guilty to burglary while on parole filed for relief after the Pennsylvania Parole Board [(the Board)] mandated he serve his sentences consecutively rather than concurrently as the sentencing judge ordered. … [T]he [Pennsylvania] Supreme Court held that the petitioner's relief claim had no merit and that "a trial judge [cannot] impose a sentence on a parole violator for his crime committed while on parole to run concurrently with the time remaining on his original sentence." [**Dorian**, 468 A.2d at 1092]. Accordingly, the [petitioner] was required to serve his sentences consecutively as the … Board mandated. **Id.**

PCO at 3-4 (some citations omitted). The PCRA court nevertheless concluded that Appellant's sentencing claim was previously litigated and rejected on direct appeal and, thus, that he is not entitled to PCRA relief. **Id.** at 6 (citing 42 Pa.C.S. § 9543(a)(3) (stating that a PCRA petitioner must prove "[t]hat the allegation of error has not been previously litigated or waived" in order to be entitled to relief)).

Initially, we disagree with the PCRA court that Appellant previously litigated this illegality-of-sentencing issue. The only sentencing claim raised and addressed by this Court on direct appeal was a challenge to the

discretionary aspects of Appellant's term of incarceration. Thus, Appellant is not precluded from obtaining PCRA relief on his present claim.

Next, we agree with the PCRA court that **Dorian** establishes that the trial court was not permitted to impose Appellant's sentence to run concurrently with the time remaining on his original sentences in his other two cases. Because Appellant's sentence violates the statutory requirement of section 6138(a)(5)(i) and the holding of **Dorian**, it is illegal. The PCRA court seemingly recognized this fact, stating "[t]he sentencing [j]udge [did] not possess the authority to issue concurrent sentences that would undermine the Board." PCO at 3. Nevertheless, the PCRA court failed to correct Appellant's presently illegal sentence, presumably because the Board is simply ignoring the court's order for concurrent sentences and is running Appellant's present sentence consecutively to his prior sentences.

In this regard, the court erred. Appellant's sentencing order imposing his term of incarceration to run concurrently to his other sentences is facially illegal, as it violates section 6138(a)(5)(i). Moreover, as Appellant stresses, "[t]he illegality of the sentencing court's order undermines the original intent of the sentencing court and increases [Appellant's] aggregate minimum sentence from 78 months to at or about 108 months." Appellant's Brief at 17. Because Appellant's sentence is presently illegal, and the court's sentencing intent was arguably compromised by the Board's running his present sentence consecutively to his original terms of incarceration, we agree with Appellant

that it is necessary to vacate his judgment of sentence and remand for resentencing.

PCRA order vacated. Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/9/2022