J-S30022-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AMELIA WEIKEL | : | |
| | : | |
| Appellant | : | No. 2301 EDA 2021 |

Appeal from the Judgment of Sentence Entered September 30, 2021
In the Court of Common Pleas of Wayne County Criminal Division at
No(s): CP-64-CR-0000059-2021


BEFORE:     STABILE, J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McCAFFERY, J.:                    **FILED APRIL 26, 2023**

Amelia Weikel (Appellant) appeals from the judgment of sentence entered in the Wayne County Court of Common Pleas, following her guilty plea to receiving stolen property.[1]  Appellant's attorney, John Martin, II, Esquire (Counsel), has filed an ***Anders***[2] brief and petition to withdraw from representation.  He raises the issue of whether Appellant was improperly denied sentencing credit, where the trial court found the credit should instead be applied to a prior matter in which Appellant was serving parole.  As neither

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 3925(a).

[2] ***See Anders v. California***, 386 U.S. 738 (1967); ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).

the trial court nor the parties have cited relevant legal authority on this issue, and the record does not provide sufficient information, we deny Counsel's petition to withdraw and remand for the trial court to prepare a supplemental opinion.

Throughout this matter, Appellant has been represented by Counsel. On June 24, 2021, she pleaded guilty to receiving stolen property, as part of an alleged conspiracy to burglarize a home. The certified record does not include the plea transcript, and the trial docket does not indicate that Counsel requested the plea transcript. Thus, we are unable to review the Commonwealth's factual basis for the plea. We remind Counsel that the appellant bears the burden "to ensure that the record contains what is necessary to effectuate appellate review[.]" **Commonwealth v. Spotti**, 94 A.3d 367, 381 (Pa. Super. 2014) (*en banc*) (citation omitted). This is true even when an attorney seeks to withdraw under **Anders**, as "counsel cannot fulfill the mandates of **Anders** unless he has reviewed the entire record." **Commonwealth v. Vilsaint**, 893 A.2d 753, 758 (Pa. Super. 2006). "[I]t would be prudent, if not mandatory, for counsel to have ordered all the notes of testimony." **Id. See also Commonwealth v. Flowers**, 113 A.3d 1246, 1250 (Pa. Super. 2015) ("Without [the guilty plea hearing] notes of testimony, Counsel could not have fulfilled his duty to review the entire record for any non-frivolous issues.").

Nevertheless, we note the affidavit of probable cause, attached to the application for an arrest warrant, averred Appellant conspired with two others — her wife, Jessica Weikel, and Jehovah Maldonado[3] — to commit a September 6, 2020, burglary and theft of a home in Paupack Township, Wayne County.[4] Affidavit of Probable Cause, 10/15/20, at 1.

According to the trial court's opinion, two days **before** the burglary, on September 4, 2020, Appellant "absconded from supervision" for a prior case, apparently out of Lackawanna County. **See** Trial Ct. Op., 12/14/21, at 2 (citing "Lackawanna County Information Numbers 359, 365, and 294-2009 Criminal"). The certified record before us does not include information about this prior case, but the trial court's opinion explained the following:

> On September 10, 2020, [four days after the burglary, Appellant] was arrested [for absconding from the Lackawanna County supervision] and detained at SCI Muncy. At that time, [Appellant] waived her parole violation hearing and was found in violation.

---

[3] The two alleged conspirators were also charged. Maldonado's charges proceeded to a jury trial, and he was found guilty of burglary, trespassing, and theft by unlawful taking. His judgment of sentence on direct appeal was recently affirmed by this same panel at **Commonwealth v. Maldonado**, 217 EDA 2022 (unpub. memo.) (Pa. Super. Apr. 18, 2023).

Meanwhile, Jessica pleaded guilty to theft, and as a part of her plea deal, she testified against Maldonado at his trial. **See Maldonado**, 217 EDA 2022 (unpub. memo. at 6).

[4] The home belonged to a husband and wife couple and, as stated above, Appellant is married to Jessica. Nevertheless, the affidavit of probable cause identified Appellant as the "girlfriend" of the male homeowner victim. Affidavit of Probable Cause at 1.

> She was ordered to serve six . . . months of incarceration for
> absconding (expiring March 10, 2021). . . .

***Id.*** It is not apparent whether or when Appellant was released from custody following this arrest and violation finding.

Meanwhile, in the instant case, the trial docket includes an October 22, 2020, entry that bail was set. Trial Docket at 5. A document, entitled "Bail Release Conditions," seems to indicate Appellant was released on bail the following day, October 23rd. According to the trial court's opinion, a detainer was subsequently issued in the Lackawanna County matter by state parole on November 4th, "because of her arrest for this case's offense." Trial Ct. Op. at 2.

As stated above, Appellant pleaded guilty to receiving stolen property on June 24, 2021. On September 30th, the trial court conducted a sentencing hearing.[5] The court noted Appellant was "on state parole at the time [she] committed this crime, and [thus it was] up to the state system what they do following the resolution of this case." N.T., 9/30/21, at 9. The court imposed a sentence of 10 to 30 months' imprisonment, and granted 204 days' sentencing credit from March 10, 2021 (when Appellant's six-month parole

---

[5] In the interim, Appellant had filed a motion to withdraw her guilty plea. At the beginning of the hearing, however, she orally withdrew that motion. N.T., 9/30/21, at 4.

- 4 -

violation sentence purportedly ended), through September 30, 2021 (date of the sentencing hearing).[6] *Id.* at 11.

Appellant filed a timely post-sentence motion. She sought additional sentencing credit, starting from November 4, 2020, the date the detainer in the Lackawanna County case was lodged against her. The trial court denied relief, reasoning:

> Credit time from November [4,] 2020 to [March 10,] 2021 is not valid for [Appellant] as she was serving time for a separate matter of parole violation expiring [on March 10,] 2021. Therefore, the correct credit time would be from March [10,] 2021 to September [30,] 2021, which is what this Court credited [Appellant] with.

Trial Ct. Op. at 2. We infer from this statement that Appellant has been continuously in custody since she was detained on November 4, 2020, for the parole violation.

Appellant took this timely appeal, and Counsel filed a court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal, raising the instant same sentencing credit claim. Counsel has now filed, however, with this Court an *Anders* brief and petition to withdraw. Appellant has not filed any *pro se* or counseled response.

"This Court must first pass upon counsel's petition to withdraw before reviewing the merits of the underlying issues[.]" ***Commonwealth v.***

---

[6] The trial court also ordered Appellant to pay, jointly and severally with Jessica and Maldonado, total restitution of $14,484.86. *See* N.T., 9/30/21, at 10.

- 5 -

*Orellana*, 86 A.3d 877, 879 (Pa. Super. 2014). To withdraw pursuant to *Anders*, counsel must:

(1) petition the court for leave to withdraw stating that after making a conscientious examination of the record and interviewing the defendant, counsel has determined the appeal would be frivolous, (2) file a brief referring to any issues in the record of arguable merit, and (3) furnish a copy of the brief to defendant and advise him of his right to retain new counsel or to raise any additional points that he deems worthy of the court's attention. . . .

*Commonwealth v. Burwell*, 42 A.3d 1077, 1083 (Pa. Super. 2012) (citation omitted). In addition, pursuant to *Santiago*, counsel's brief must:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Schmidt*, 165 A.3d 1002, 1006 (Pa. Super. 2017), *quoting Santiago*, 978 A.2d at 361. If this Court determines that counsel has satisfied the technical requirements of *Anders* and *Santiago*, we then conduct an independent review of the record to discern if there are non-frivolous issues. *Schmidt*, 165 A.3d at 1006 (citation omitted).

Here, Counsel's petition to withdraw averred he: (1) "made a conscientious review of the entire case and the issues" Appellant wished to

raise on appeal, and has determined an appeal would be "wholly frivolous;" and (2) provided a copy of the *Anders* brief to Appellant, and advised her she may answer or object to the *Anders* brief. Counsel's Motion for Leave to Withdraw as Counsel, 5/18/22, at 1-2. Counsel attached a copy of the letter sent to Appellant, which advised of his conclusion that Appellant's issues are frivolous, and that Appellant had a right to retain private counsel or proceed *pro se*.

In the *Anders* brief, Counsel presents one issue: whether the trial court should have awarded sentencing credit from November 4, 2020, when the detainer in the Lackawanna County matter was lodged against Appellant for a parole violation. *Anders* Brief at 18. Counsel's entire review of this issue spans five sentences and is generally a verbatim reproduction of the trial court's opinion:

> On or about September 10, 2020, a warrant was issued for [Appellant's] arrest because she absconded from supervision on September 4, 2020 (Lackawanna County Information Numbers 359,365, and 294-2009-Criminal). [Appellant] was detained on the warrant on or about September 10, 2020. At that time [Appellant] waived her right to a Parole Violation Hearing and was ordered to serve six . . . months of incarceration for the violation. This period of incarceration expired on March 10, 2021, and therefore [Appellant] was given credit time from March 10, 2021, to the date of sentencing. The fact that the detainer was lodged on November 4, 2020, is not relevant to the order in which the sentences are served because [Appellant] was serving a separate period [of] incarceration due to the parole violation.

*See Anders* Brief at 18-19; *compare with* Trial Ct. Op. at 2.

We reiterate that neither the trial court's opinion nor ***Anders*** review includes any discussion of legal authority. The Commonwealth's four-paragraph argument, meanwhile, cites an irrelevant statement of law: "[A] trial judge [cannot] impose a sentence on a parole violator for a crime committed while on parole to run concurrently with the time remaining on his original sentence." ***See*** Commonwealth's Brief at 4, *quoting* ***Commonwealth v. Dorian***, 468 A.2d 1091, 1092 (Pa. 1983) (parole violator who is sentenced for another offense must serve their back time and the new sentence in consecutive, not concurrent, order).[7]

Nevertheless, we consider the relevant standard of review:

> A claim asserting that the trial court failed to award credit for time served implicates the legality of the sentence. Issues relating to the legality of a sentence are questions of law. Our standard of review over such questions is de novo and the scope of review is plenary.

***Commonwealth v. Gibbs***, 181 A.3d 1165, 1166 (Pa. Super. 2018) (citations omitted).

With respect to a defendant detained for both a parole violation and a new arrest, this Court has explained:

> [A]ll time served by a parole violator while awaiting disposition on new charges must be credited to the original sentence if the inmate remains in custody **solely** on a Board detainer.

---

[7] Here, the trial court did not impose Appellant's instant sentence to run concurrently with her Lackawanna County parole-violation sentence. In any event, the issue concerns sentencing credit, not the consecutive or concurrent nature of her sentence.

> If the inmate is incarcerated prior to disposition and **has both a detainer and has failed for any reason to satisfy bail**, the credit must be applied to the new sentence by the sentencing court. If the new sentence is shorter than the time served, the balance can be applied to the original sentence, but the sentencing court must specify "time served["] in the sentencing order for the new offense, so that the Board will be able to apply the credit.

**Gibbs**, 181 A.3d at 1167 (paragraph break & emphases added, other emphases omitted), *quoting* **Commonwealth v. Mann**, 957 A.2d 746, 751 (Pa. Super. 2008).

Pursuant to **Gibbs**, **if** Appellant were in custody "solely on a Board detainer[,]" her sentencing credit must be applied to the original sentence. **See Gibbs**, 181 A.3d at 1167. On the other hand, **if** Appellant were detained on both the parole violation detainer and the instant charges, and failed to satisfy bail on the instant charges, then sentencing credit "must be applied to the new sentence." **See id.**

Neither the trial court nor Counsel explain, however, whether Appellant satisfied bail. As stated above, a "Bail Release Conditions" form was signed on October 23, 2020 — **before** the November 4, 2020, detainer issued in this case. Meanwhile, as noted above, the trial court's discussion implies that Appellant has been incarcerated since that November 4 date, in stating Appellant is entitled to sentencing credit — however applied — from November 4, 2020, through the date of sentencing, September 30, 2021.

In sum, the certified record, the sentencing transcript, the trial court's opinion, and the parties' briefs do not include sufficient information for this

Court to review whether the trial court properly denied sentencing credit, in this case, for the period between November 4 2020, and the sentencing hearing. We reiterate neither the trial court nor Counsel has cited the legal authority they relied upon.

Accordingly, we determine Counsel has not complied with the requirements of **Santiago** and deny his petition to withdraw from representation. **See Schmidt**, 165 A.3d at 1006 (**Anders** brief shall set forth controlling case law or statutes that have led to the conclusion that the appeal is frivolous). We remand this appeal and direct the trial court to file, within 30 days of this memorandum, a supplemental opinion addressing the issues we have identified above. Within 20 days of the filing of the supplemental trial court opinion, Counsel shall file either: (1) an advocate's brief; or (2) new **Anders** petition along with an amended **Anders** brief. The Commonwealth shall then have 20 days to file an amended brief, if it so desires.

Counsel's petition to withdraw from representation denied. Case remanded with instructions. Panel jurisdiction retained.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/26/2023

- 10 -